DLD-137                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3266
_____

SAMSON B. SLEWION,
Appellant

v.

NORMAN WEINSTEIN; CHARLES SCHLEIFER;
RICHARD KUPERSMITH, Attorney at law
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-05325)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 14, 2013)
_____

OPINION
_____

PER CURIAM

        Samson B. Slewion, proceeding pro se, appeals from the District Court's order

granting Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6).  For the following reasons, we will summarily affirm.

I.

The facts being well-known to the parties, we will recite only those pertinent to this appeal. In 2004, Slewion hired Appellees to represent him in a personal injury tort action in the Philadelphia Court of Common Pleas. Though he was awarded $50,000 by an arbitration panel, Slewion claimed that Appellees misled him and proceeded against his wishes because they did not pursue a jury trial. He also claimed that they refused to exercise his right to a de novo appeal.

Slewion then filed, in the District Court, a complaint alleging legal malpractice by Appellees. In lieu of an answer, Appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Appellees argued that Slewion's complaint should be dismissed because he failed to file the requisite certificate of merit under Pennsylvania law. The District Court agreed, granted Appellees' motion by order entered August 7, 2012, and dismissed Slewion's complaint with prejudice. Slewion timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for failure to state a claim upon which relief may be granted is plenary. Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008). We may

---

[1] The District Court properly concluded that Appellees had not waived their right to raise a Rule 12(b)(6) defense, in accordance with Federal Rule of Civil Procedure 12(h). (Dkt. No. 27, p. 3.)

summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

In order to proceed with a legal malpractice claim in Pennsylvania, a plaintiff must file a certificate of merit with his complaint or within sixty days thereafter. Pa. R. Civ. P. 1042.3(a)(3). This requirement is a substantive rule and applies in federal court. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011). It is undisputed that, in the two years his case was pending before the District Court, Slewion never filed a certificate of merit. Nor did he indicate that he intended to proceed without expert testimony, or that such testimony was unnecessary to advance his legal malpractice claims. See id. at 265. Importantly, Slewion did nothing to comply with the certificate of merit requirement or provide a reasonable excuse for his noncompliance, even after Appellees raised the issue in both state and federal court. (Dkt. No. 27, p. 6 (citing Womer v. Hilliker, 908 A.2d 269, 279 (Pa. 2006).)

The District Court correctly noted that, generally, a plaintiff's failure to comply with the certificate of merit requirement would result in the dismissal of his complaint without prejudice. (Dkt. No. 27, p. 7.) However, Slewion's legal malpractice claims were time-barred by Pennsylvania's two year statute of limitations, see 42 Pa. Stat. Ann. § 5524, as they arose at the latest in January of 2009. Therefore, the District Court properly dismissed Slewion's complaint with prejudice as amendment would have been futile.[2]

---

[2] The District Court also pointed out that Slewion was able to exercise his right to appeal the arbitration award despite Appellees' alleged malpractice. (Dkt. No. 27, p. 7.)

III.

There being no substantial question presented on appeal, we will summarily affirm the District Court's order entered August 7, 2012. 3d Cir. LAR 27.4 and I.O.P. 10.6.