**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1379
_____

KEVIN YOUNG,
                                        Appellant

v.

SOMERSET COUNTY JAIL, c/o Medical Staff
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:11-cv-00219)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2013
Before:  SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: March 19, 2013)
_____

OPINION
_____

PER CURIAM

        Kevin Young, a Pennsylvania state inmate proceeding pro se, appeals from an

order of the United States District Court for the Western District of Pennsylvania

dismissing his complaint for failure to prosecute.  For the following reasons, we will

vacate the District Court's dismissal order and remand for further proceedings.

I.

In September 2012, Young, then confined at Somerset County Jail, commenced a suit pursuant to 42 U.S.C. § 1983 by filing an essentially blank form complaint in which nearly every field was marked with "N/A." On December 5, 2011, a Magistrate Judge ordered that he file an amended complaint specifying his causes of action and supporting facts by December 28, 2011. The Magistrate Judge's order also warned that if he failed to file an amended complaint, his action would be dismissed for failure to prosecute.

On December 15, 2011, the Clerk of the District Court docketed a note that the Magistrate Judge's December 5, 2011 order had been returned as undelivered, with "not here" written on the envelope. Four days later, the Magistrate Judge conducted an analysis under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) and recommended that Young's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). On January 6, 2012, the District Court adopted the recommendation and dismissed Young's complaint. On February 2, 2012, Young filed his notice of appeal and included his proposed amended complaint. While this proposed complaint does not specify his causes of action, his informal brief indicates that he wishes to assert Eighth Amendment claims for deliberate indifference and Fourteenth Amendment claims for due process and equal protection violations.

II.

We exercise jurisdiction under 28 U.S.C. § 1291 and review a district court's dismissal for failure to prosecute for abuse of discretion, acknowledging that dismissal

"is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted). Rule 41(b) dismissals are "drastic" and "extreme measures" that should be reserved for cases where there has been 'flagrant bad faith' on the part of the plaintiffs." Poulis, 747 F.2d at 867-68 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). Such a dismissal is extreme in part because it "operates as an adjudication on the merits" and therefore is a dismissal with prejudice. Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992).

To determine if the District Court abused its discretion, "we will be guided by the manner in which [it] balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. No single factor is determinative, and not all must be satisfied to justify dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

We agree with the Magistrate Judge that the first factor, which focuses on the extent of Young's personal responsibility, weighs against Young because, as a pro se litigant, he is "solely responsible for the progress of his case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). We also agree that the defendants have not been prejudiced

3

because they were never required to respond to Young's complaint. Furthermore, the sixth factor weighs against him because his original complaint fails to set forth any grounds upon which relief may be granted; however, we do not want to assess his complaint on appeal in the first instance.

However, we cannot agree that the third, fourth, and fifth Poulis factors weigh against Young. With regards to the fifth factor, the Magistrate Judge noted that there were no alternative sanctions that would adequately punish Young. We agree with the Magistrate Judge that monetary sanctions were not viable because of Young's pro se and in forma pauperis status. However, our review indicates that Young received only one warning regarding potential dismissal. Other possible sanctions included further warnings and formal reprimand, see Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982), yet the District Court did not consider the effectiveness of these alternative sanctions.

The Magistrate Judge determined that the third and fourth Poulis factors weighed against Young because he had not made any effort to move his case forward and because his failure to respond to the December 5, 2011 order was willful. Specifically, the Magistrate Judge noted that Young was well aware of his obligation to notify the District Court regarding a change of address because he submitted such a notification on July 26, 2011, as noted in docket entry number 10. However, this reasoning is flawed, as Young did not commence his suit until September 2011, and document number 10 on the District Court's docket is the dismissal order itself. Furthermore, nothing in the docket

4

indicates that Young was advised of his responsibility to notify the District Court of any address changes, and such a responsibility is not mandated by the Western District's local rules or standing orders.

In his brief, Young indicates that around the time the Magistrate Judge entered her recommendation, he was transferred from the Somerset County Jail to SCI Pittsburgh, and from there to SCI Camp Hill. Young was incarcerated at SCI Camp Hill when he filed his notice of appeal, in which he explained that he had undergone multiple transfers. Furthermore, the Magistrate Judge herself located Young through Pennsylvania's inmate locator and found a listing for a Kevin Young who was confined at SCI Camp Hill and committed from Somerset County. The Magistrate Judge used this information to send a copy of her Report and Recommendation to Young at SCI Camp Hill; however, we cannot understand why the Magistrate did not simply resend a copy of her December 5, 2011 order to Young at this new address. Given the number of transfers Young experienced in such a short amount of time, and his attempt to comply with the Magistrate Judge's December 5, 2011 order by submitting an amended complaint with his notice of appeal, we cannot agree that he willfully failed to respond and did not intend to proceed with his case in a timely manner. Accordingly, based upon our analysis of the Poulis factors, the District Court abused its discretion in dismissing Young's case for failure to prosecute under Fed. R. Civ. P. 41(b).

III.

5

For the foregoing reasons, we will vacate the District Court's dismissal order and remand the matter for further proceedings.