CLD-363                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2009
_____

AKHI RAHEEM MUHAMMAD,
                                                              Appellant

v.

COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA;
COMMONWEALTH COURT OF PENNSYLVANIA;
SUPREME COURT OF PENNSYLVANIA;
PENNSYLVANIA SUPERIOR COURT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-01255)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 16, 2013)
_____

OPINION
_____

PER CURIAM

        Akhi Muhammad appeals pro se from an order of the United States District Court

for the Western District of Pennsylvania, which dismissed his complaint for failure to

obey discovery orders and failure to prosecute. For the following reasons, we will affirm the District Court's judgment.

Muhammad filed a pro se complaint in the District Court alleging that his civil rights were violated by some 200 defendants. Among those defendants were the Allegheny County Court of Common Pleas, the Pennsylvania Commonwealth Court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court ("the State Court Defendants"). Muhammad alleged, among other things, that the State Court Defendants violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by repeatedly failing to provide reasonable accommodations for his impaired vision throughout unrelated lawsuits he initiated in Allegheny County between 2004 and 2008.[1]

The State Court Defendants filed a motion to dismiss the complaint, which the District Court granted on the basis that Muhammad's claims were time-barred. We vacated and remanded in part, concluding that the District Court erred by dismissing some of Muhammad's ADA and RA claims. See Muhammad v. Court of Common Pleas, 483 F. App'x 759 (3d Cir. 2012). On remand, the District Court conducted a case management conference attended by Muhammad and counsel for the State Court Defendants. The Court ordered discovery to be completed within 90 days and directed

---

[1] Muhammad originally filed his complaint in the United States District Court for the Eastern District of Pennsylvania. After finding that the complaint sufficiently stated ADA and RA claims against the State Court Defendants upon which relief could be granted, the District Court transferred Muhammad's action to the Western District of Pennsylvania, where venue was proper. Muhammad subsequently filed several unsuccessful motions to change venue back to the Eastern District of Pennsylvania or to the United States District Court for the District of New Jersey.

the parties to thereafter attend a post-discovery status conference. Approximately two months after the expiration of the discovery period, Magistrate Judge Maureen P. Kelly issued a report that recommended dismissing Muhammad's compliant for his repeated failure to comply with the District Court's discovery orders, see Fed. R. Civ. P. 37(b)(2), and his failure to prosecute, see Fed. R. Civ. P. 41(b), guided by the six factors we set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984). On March 12, 2013, the District Court entered an order adopting Magistrate Judge Kelly's report and dismissing Muhammad's complaint. This appeal followed.

We exercise jurisdiction under 28 U.S.C. § 1291. We review the District Court's order of dismissal for an abuse of discretion, recognizing that dismissals for discovery violations and failure to prosecute are appropriate in limited circumstances, and that doubts should be resolved in favor of reaching a decision on the merits. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011); Bowers v. NCAA, 475 F.3d 524, 538 (3d Cir. 2007). To determine if the District Court abused its discretion, "we will be guided by the manner in which [it] balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868.

3

We agree with the District Court that the first Poulis factor, which focuses on the extent of Muhammad's personal responsibility, weighs against Muhammad because as a pro se litigant he is "solely responsible for the progress of his case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). The second factor, which focuses on prejudice to the adversary, also weighs against Muhammad because the State Court Defendants have now been parties to this litigation for 5 years and Muhammad's actions have continuously frustrated the completion of discovery and the Defendants' ability to prepare a defense. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). The third and fourth factors weigh against Muhammad because the record reflects that he consistently and willfully refused to participate in discovery with the State Court Defendants, comply with the District Court's numerous discovery-related orders, appear at mandatory status conferences, or otherwise move his case forward. The fifth factor also weighs in favor of dismissing Muhammad's action because his history of unresponsiveness to the District Court's orders suggests that alternative sanctions would not be effective, and he was previously warned that his failure to abide by the Court's orders could result in sanctions up to and including the dismissal of his case.

We recognize that no single Poulis factor is determinative and not all must be satisfied in order to justify dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). We are also mindful that dismissal is an extreme sanction. See Poulis, 747 F.2d at 867-68. Under the circumstances of this case, however, we conclude that the District Court's analysis and weighing of the Poulis factors was not an abuse of discretion. We find no

4

support in the record for Muhammad's contention that the District Court's handling of this case was influenced by a corrupt or biased motive, or that the Court refused to respond to his request for accommodations for his visual impairment.[2]

Accordingly, the District Court's order of dismissal will be affirmed.

---

[2] The record reflects that during a September 2010 case management conference, Muhammad stated that he suffers from diabetes which impacts his vision and that he needed accommodation in the form of a desktop magnifier. The District Court requested that Muhammad file a request for accommodation, identifying the specific visual impairment and requested accommodation, which Muhammad failed to do. Nonetheless, the District Court entered an order advising Muhammad that a desktop video magnifier located in the Clerk's office was available for his use during business hours. Because Muhammad has already filed a lengthy response in opposition to resolving this appeal through summary action, which we now do pursuant to LAR 27.4 and I.O.P. 10.6, we will deny as moot his request for this Court to provide unspecified accommodations.