**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2704
_____

NATHAN RILEY,
                            Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
LOUIS S. FOLINO, Superintendent, State Correctional Institution Greene;
BRIAN D. TANNER, Security Lieutenant - C.O. 3, State Correctional Institution Greene;
L. WINFIELD, Major - C.O. 5, State Correctional Institution Greene; T.D. JACKSON,
Deputy Superintendent - SCI-Greene; BRENDA MARTIN, Unit Manager - SCI-Greene;
MICHAEL SMITH, Acting Corrections Classification Program Manager - SCI-Greene;
ROBERT MCCOMBIE, Corrections Activity Manager I at SCI-Greene;
BRIAN COLEMAN, Deputy Superintendent of Facility Management - SCI-Greene;
LAUREL HARRY, Unit Manager at SCI-Greene; CARLA SWARTZ, Unit Manager at
SCI-Greene; JEFFREY MARTIN, Deputy Superintendent of Facility Management SCI-
Greene; TIMOTHY I. MARK, Deputy Chief Counsel for Hearing and Appeals, Office of
Chief Counsel, Pennsylvania Department of Corrections; STEVE CRISTINI, Corrections
Counselor, I, SCI-Greene; DONNA NICKOLAS, Correctional Counselor, II, SCI-
Greene; DEAN GEEHRING, Mailroom Supervisor, SCI-Greene; JEAN W. SCOTT,
Business Manager - SCI-Greene; KRISTEN P. REISINGER, Chief Grievance Officer at
Commonwealth of Pennsylvania Department of Corrections; CINDY G. WATSON,
Chief Grievance Officer, Secretary's Office of Inmate Grievance and Appeals,
Pennsylvania Department of Corrections; IMAM ABUBAKAR MUHAMMAD, Acting
FCPD - SCI-Greene; MARK CAPOZZA, Deputy Superintendent of Centralize Service -
SCI-Greene; DAN DAVIS, Facility Grievance Coordinator, SCI-Greene, all in their
Individual and Official Capacities; SUSAN COWAN; CO 4 WORKMAN;
CO 2 LEMASTERS; CO 3 PRICE; GENT; JOHN/JANE DOES, Mail Inspectors #1-5;
REV. ALEDA MENCHYK; JEFF ROGERS; TRACY POLLOCK; CO 4 WALKER;
BONNIE LINDLEY; CO 5 GRAINEY; T. MACKNAIR; THERON PEREZ;
ERIC VALKO; ROBERT E. DIETZ, M.A.; BUREAU OF TREATMENT SERVICES,
sued in their individual and official capacities

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:08-cv-01675)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 29, 2013)
_____

OPINION
_____

PER CURIAM

Nathan Riley, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's dismissal of his civil rights action for failure to prosecute.  For the reasons that follow, we will affirm.

I.

In December 2008, Riley commenced this action by filing a pro se complaint in the District Court against 27 prison officials, five of whom were identified as "John/Jane Doe."  Over the next several months, Riley obtained multiple extensions of the time to serve the complaint.  The 22 defendants whose names were identified in the complaint (hereinafter referred to as "the Original Defendants") ultimately waived service and, in November 2009, filed a partial motion to dismiss.  After obtaining three extensions of the time to respond to that motion, Riley filed his response in April 2010.  Shortly thereafter,

he sought leave to file an amended complaint. United States Magistrate Judge Cathy Bissoon granted Riley's request and denied the Original Defendants' motion to dismiss without prejudice to their right to file a new motion challenging the amended complaint.

Riley's amended complaint, which named the Original Defendants and 21 additional defendants (those 21, which included the five "John/Jane Does," are hereinafter referred to as "the New Defendants"), was filed in May 2010. Thereafter, the Original Defendants moved to dismiss the claims against them. Meanwhile, Riley obtained an extension of the time to provide the United States Marshals Service with the paperwork needed to serve the New Defendants. When the deadline passed without Riley providing that paperwork, Magistrate Judge Bissoon ordered him to show cause why his case should not be dismissed as to the New Defendants. In response to that order, Riley averred that the $10 per month the prison allowed him to allot to postage and copying was insufficient because he had several pending cases. In January 2011, Magistrate Judge Bissoon issued a report recommending that the District Court dismiss the claims against the New Defendants without prejudice.

In March 2011, the District Court addressed the Original Defendants' motion to dismiss and Magistrate Judge Bissoon's report. With respect to the Original Defendants, the court (1) dismissed with prejudice a subset of Riley's claims, (2) dismissed another subset of his claims without prejudice to his right to amend those claims, (3) dismissed his state law claims without prejudice to his right to raise them in state court, (4) terminated eight of the Original Defendants from the case, and (5) denied the motion to dismiss "in all other respects." As for the New Defendants, the court adopted

3

Magistrate Judge Bissoon's report and dismissed all of those defendants without prejudice for failure to prosecute.

In October 2011, Magistrate Judge Bissoon ordered that Riley

> shall, if appropriate, file an amended complaint with respect to some or all of his claims that were dismissed without prejudice by the order of March 29, 2011. This amended complaint shall contain all of the allegations and claims that survived dismissal, as well as any amendments that [Riley] wishes to make with respect to the claims for which he was given leave to amend, in one stand-alone document.

(Mag. J. Order entered Oct. 12, 2011 (citation omitted).)

After obtaining another extension, Riley filed his second amended complaint in November 2011. This latest pleading alleged claims against nine of the 14 remaining Original Defendants and some of the (previously dismissed) New Defendants. Those nine Original Defendants answered this new pleading, raising a host of affirmative defenses. Meanwhile, the other five remaining Original Defendants moved to dismiss.

On December 8, 2011, Magistrate Judge Maureen Kelly, to whom the case had been reassigned, directed Riley to respond to the new motion to dismiss by January 5, 2012. On January 4, 2012, the District Court received a motion from Riley seeking "an enlargement of time in which to file and perfect [his] cross-motion to amended and supplemental complaint in opposition to Defendants['] partial motion to dismiss amended complaint." (Mot. docketed on Jan. 4, 2012, at 1.) The next day, Magistrate Judge Kelly issued an order holding as follows: (1) to the extent Riley sought to file a third amended complaint, that request was denied; (2) his request for a 90-day extension of the time to

4

respond to the pending motion to dismiss was denied for lack of good cause; and (3) his response to the motion to dismiss was due by February 14, 2012.

On February 16, 2012, the District Court received from Riley a "Cross-Motion to Amend and Supplement the [Second Amended] Complaint." The next day, Magistrate Judge Kelly issued an order that (1) struck this new submission as having been improvidently filed, and (2) explained that if Riley did not file a response to the pending motion to dismiss by February 29, 2012, that motion would be decided without a response. Riley appealed that order to the District Court, but the appeal was denied.

On March 16, 2012, at which point Riley still had yet to file a response to the motion to dismiss, Magistrate Judge Kelly ordered him to show cause by March 30, 2012, why his *entire* case should not be dismissed for failure to prosecute. In his response to that order, Riley stated that he was "literally handcuffed" by Magistrate Judge Kelly's earlier order denying him the opportunity to file a third amended complaint, and that he was "in need of guidance from the Court on how to correct the defect highlighted by the Defendants if this Court will not allow [him] to file[] yet another amended complaint." (Resp. to Show Cause Order, docketed Apr. 2, 2012, at 2.) Riley further stated that, "[a]lternatively, to expedite this matter without causing anymore strain on the Court, . . . [Plaintiff] request[s] the Court to make it's [sic] ruling on Defendants['] partial motion to dismiss because Plaintiff does not know what other recourse to take." (Id.)

After receiving Riley's response, Magistrate Judge Kelly issued a report recommending that the District Court dismiss the entire action for failure to prosecute. In doing so, Magistrate Judge Kelly concluded that a balancing of the six factors set forth in

5

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), weighed in favor of dismissal. On May 14, 2012, the District Court adopted Magistrate Judge Kelly's report and dismissed the case for failure to prosecute. This appeal followed.[1]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of Riley's action for failure to prosecute for abuse of discretion. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011). To determine if the District Court abused its discretion, "we review the manner in which [the court] balanced the six factors enumerated in [Poulis]." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013). Those six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted). "In balancing the *Poulis* factors, we do not have a 'magic formula' or 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

---

[1] The record reflects that Riley submitted his notice of appeal to prison authorities on June 13, 2012, exactly thirty days after the District Court entered its final order. Accordingly, this appeal is timely. See Fed. R. App. P. 4(a)(1)(A); Houston v. Lack, 487 U.S. 266, 276 (1988).

6

Additionally, "not all of the *Poulis* factors need be satisfied in order to dismiss [an action]." Mindek, 964 F.2d at 1373.

The District Court, by virtue of adopting Magistrate Judge Kelly's report, concluded that the first five Poulis factors weighed in favor of dismissal, and that the sixth factor was neutral. We review each of these factors below, considering them in the order in which they were addressed in that report.

Magistrate Judge Kelly began by addressing the first, third, and fourth Poulis factors together, concluding that they each weighed against Riley. We agree as to the first Poulis factor (the extent of the party's responsibility) and the third factor (a history of dilatoriness). See Briscoe, 538 F.3d at 258-59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ."); Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness . . . ."). However, because Riley's response to the March 2012 show cause order reflected his confusion as to how to proceed, we are not necessarily convinced that the fourth factor (willful or bad faith conduct) should have weighed against him. Cf. Briscoe, 538 F.3d at 262 n.5 ("We note that, even assuming that Briscoe did not attend the pretrial conference on his own accord, it does not necessarily follow that his purpose was to delay the proceedings.").

Magistrate Judge Kelly next considered the second factor (prejudice to the adversary). She may have overstated the extent of the prejudice here by labeling it "huge." That said, in light of Riley's failure to comply with her multiple orders directing

7

him to respond to the motion to dismiss, there was at least some prejudice in this case, particularly given that the case had already been pending for more than three years. See Bull v. UPS, 665 F.3d 68, 80 (3d Cir. 2012) (stating that "the inevitable dimming of witnesses' memories" is an example of prejudice under Poulis) (quotation marks and citation omitted).

Magistrate Judge Kelly next addressed the sixth factor (meritoriousness of the claims and defenses), concluding that this factor would be weighed neither in Riley's favor nor against him. Having reviewed the most recent round of pleadings, we cannot conclude that this factor should have instead been weighed in Riley's favor. See Adams, 29 F.3d at 876-77 ("Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the [sixth] factor may not weigh in favor of the plaintiff.").

The fifth factor (effectiveness of alternative sanctions) was the last factor considered. Because Riley was (and still is) proceeding pro se and in forma pauperis, the District Court did not err in adopting Magistrate Judge Kelly's conclusion that there were no appropriate sanctions other than dismissal. See Briscoe, 538 F.3d at 262-63 ("[W]here a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'") (quoting Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (per curiam)). Nevertheless, Riley claims that the District Court should have considered *partial* dismissal of the case — that is, dismissal only as to the five Original Defendants whose motion to dismiss was pending — as an alternative sanction. We disagree. Given that

8

Riley's second amended complaint did not allege *any* claims against those five defendants, the dismissal of those defendants would hardly have been a sanction against him, let alone an effective one.

In sum, at least four of the Poulis factors weighed against Riley, and none weighed in his favor. Under the circumstances of this case, we cannot conclude that the District Court abused its discretion in adopting Magistrate Judge Kelly's conclusion that a balancing of the Poulis factors weighed in favor of dismissing the case. Accordingly, we will affirm the District Court's judgment.