ALD-280                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1019
_____

SHAKUR C. GANNAWAY,
Appellant

v.

PRIME CARE MEDICAL INC; CAMP HILL SCI; GREENE SCI; ROCKVIEW SCI;
ADAPT INC, etc al, William Tillman; OSMER DEMING; NICHOLAS
STROUMBAKIS; PAULA DILLMAN; MD MARK SILIDKER; APRIL PALUMBO
RASCH;  DORIS WEAVER; TONYA HIET; LIZHONG; PAUL LEGGORE; JEFF
WITHERITE; ED SHOOP; TERESA LAW; GAIL KELLY; JOHN PALAKOVISH;
JEFFREY DITTY; RICHARD SOUTHERS; NOTAFI FRANCESCO; EMIL MICHAEL
KAZOR; KENNETH KLAUS; ROBERT GIMBLE; JOHN HORNER; PHS
CORRECTIONAL HEALTHCARE, most of state prison; DAN DAVIS; SGT.
FERRIER; KERRI MOORE; UNIT MANAGER  GUYTON; TRACY SHAWLEY;
JOHN MCANANY; MICHAEL BELL; JANE DOE; MD VICTORIA GRESSNER,
Primecare Medical Supervisor; TED W. WILLIAMS; RN ERIKA FOOSE; RN ELAINE
COFFMAN; DR. SYMONS; DR. FISHER; BERNARD; FRANCIS M. DOUGHERTY;
SGT. VARGAS; BARRY JOHNSON; KUHN HEX; DR. GOUBRAN THEODORE
VOURSTAND, MD; C/O  MCHENRY; DETWILER, now SGT; DEPUTY  HORTON;
JAMES MORRIS; DEPUTY WARDEN  MARSH; MARIROSA LAMAS; DEPUTY;
C/O  MOORE; C/O  BUTLER; SGT. LOQUAT; SGT. LUZIER; C/O WEAVER;
CAPTAIN  EATON; DIANA BEATTY; JEFFREY A. RACKOVAN; BILL TILLMAN;
JOHN DOE; JANE DOE; LT.  FOX; ALAN RIGGALL; TEJADA FERNANDO; LT.
SUTTON; KITCHEN WORKER LUSS; E. MOSSER; MD PETER BINNION; BERKS
COUNTY PUBLIC DEFENDERS OFFICE; WILLIAM BISPELS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D.Pa. No. 2-12-cv-01156)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2016
Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: June 13, 2016)
_____

OPINION*
_____

PER CURIAM

Appellant, Shakur Gannaway, a state prisoner proceeding pro se, appeals from an

order of the United States District Court for the Eastern District of Pennsylvania

dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. We will

summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P.

10.6.

In 2012, Gannaway filed a complaint, which he later amended, primarily alleging

that the defendants failed to provide him with adequate medical care, denied due process

in connection with disciplinary proceedings, retaliated against him for filing grievances,

and restricted his access to the courts. The defendants filed motions for summary

judgment, which the District Court granted.[1] Gannaway appealed.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Earlier, the District Court properly granted in part a motion to dismiss, holding that the "non-medical Commonwealth Defendants are entitled to sovereign immunity" and dismissing "all claims for monetary damages against [those defendants] in their official capacity[.]" <u>See</u> <u>Betts v. New Castle Youth Dev. Ctr.</u>, 621 F.3d 249, 254 (3d Cir. 2010); 42 Pa. Cons. Stat. Ann. § 8521(b).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the District Court's order is plenary.  See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004).  Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  We may summarily affirm a decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action."  3d Cir. I.O.P. 10.6.

We conclude, for substantially the reasons provided in the District Court's thorough opinion, that summary judgment was properly granted to the defendants with respect to the allegations of inadequate medical care.  Gannaway's medical claims against the Commonwealth agencies and employees centered on their alleged failure to remove an "internal stitch" that was purportedly left in his abdomen during a surgery in 2002.  It is undisputed, however, that Gannaway received comprehensive medical treatment in response to his complaints.[2]  Gannaway's mere disagreements over the type

_____

[2] For instance, shortly after Gannaway complained about the stitch, a doctor examined him, noting that the stabbing injury which necessitated the surgery may have resulted in internal scarring that could cause pain.  The doctor prescribed medications for pain and constipation, but concluded that no further surgery was warranted.  Approximately four months later, Gannaway was again examined by the doctor, who maintained that surgery was not warranted.  The doctor also referred Gannaway for an abdominal ultrasound and upper gastrointestinal and small bowel x-ray series.  Those tests showed no abnormalities.

or amount of this treatment do not state an Eighth Amendment claim.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

In addition, the District Court properly held that non-medical prison officials may not be held liable for the denial of medical care to a prisoner who is under a physician's care.  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  Further, with respect to the claims against PrimeCare Medical, Inc., a private vendor that provided medical services to inmates, we agree that Gannaway failed to identify an established policy or custom that resulted in the alleged constitutional violations at issue.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  He also did not allege that two PrimeCare Medical employees named in his complaint, Paula Dillman and Victoria Gessner, were personally involved in the deprivation of his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Moreover, the District Court properly concluded that Gannaway could not raise a state law medical malpractice claim against PrimeCare Medical, Dillman, and Gessner, because he did not file a timely certificate of merit.  See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011); Pa. R. Civ. P. 1042.3 (requiring a certificate of merit in all professional malpractice cases). Gannaway also raised medical care claims against ADAPPT, a facility contracted by the Department of Corrections to provide drug treatment services, and its director.  But because Gannaway was released from the ADAPPT facility in 2007, and his allegations indicate that he knew of the alleged constitutional violations at that time, his claims are time-barred.  See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (stating that a two-year statute of limitations applies to civil rights actions originating in Pennsylvania).

4

The District Court also properly granted summary judgment to the defendants on Gannaway's due process, retaliation, and access to the courts claims. Gannaway alleged that his personal property was improperly confiscated and destroyed, and that four falsified misconduct charges resulted in his placement in the restricted housing unit (RHU) for periods between 30 and 90 days. Notably, though, Gannaway had access to the prison grievance process, an adequate post-deprivation remedy to protect his due process rights. See Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process). In addition, Gannaway did not present evidence that his confinement in the RHU, and the conditions he faced there, constituted an atypical and significant hardship. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months in disciplinary confinement did not violate a protected liberty interest). Further, Gannaway's grievances were not substantial or motivating factors in prison officials' decisions to issue misconduct charges or transfer him to other prisons. Indeed, the summary judgment record suggests no temporal connection between Gannaway's grievances and the allegedly retaliatory decisions. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (stating that requisite causal connection for a retaliation claim can be demonstrated by, inter alia, "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action"). Gannaway also alleged that prison officials restricted his access to the prison law library, denied his requests for paralegal assistance, and failed to provide free postage and photocopies. Notably, though, these alleged deprivations did not thwart Gannaway's

ability to litigate a claim.  See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008).

Although Gannaway asserted that his excessive force case against the Reading Police

Department was dismissed for failure to prosecute, the record established, to the contrary,

that the District Court granted summary judgment in favor of the defendants over

Gannaway's objections.

We also conclude that the District Court properly granted summary judgment to

the defendants on Gannaway's claims against the Berks County Public Defender's Office

and the appointed lawyers who represented him in criminal proceedings.  See Polk

County v. Dodson, 454 U.S. 312, 317 n.4 (1981) (holding that a public defender is not a

state actor for § 1983 purposes "when performing the traditional functions of counsel to a

criminal defendant").  To the extent that Gannaway sought to challenge his conviction,

his claims must be raised in a habeas petition.  See Wilkinson v. Dotson, 544 U.S. 74, 82

(2005) (stating that claims that, if successful, would "spell speedier release . . . lie[] at the

core of habeas corpus." (internal quotation and citation omitted)).  Furthermore,

Gannaway's request for damages based on alleged constitutional violations related to his

conviction is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In documents filed in support of his appeal, Gannaway alleges that the defendants

interfered with his ability to litigate the case in the District Court by tampering with his

legal mail, restricting his access to the law library, and failing to provide documents in

discovery.  But because Gannaway did not raise these issues in the District Court, we will

not consider them.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994)

(holding that issues raised for the first time on appeal will not be considered).  Finally,

6

Gannaway's motions for appointment of counsel are denied, <u>see</u> <u>Tabron v. Grace</u>, 6 F.3d

147, 155 (3d Cir. 1993), as is his motion for summary action.