NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4298
_____

RONALD JOSEPH BILINSKI,
                                    Appellant

v.

WILLS EYE HOSPITAL; WILLS EYE INSTITUTE; WILLS EYE
OPHTHALMOLOGY CLINIC INC.; JOSEPH P. BILSON; DR. JULIA A. HALER;
YLA SECRETARY TO CEO JOE P. BILSON; LISA, Secretary to Dr. Julia A. Haller;
MICHAEL ALLEN, General Legal Counsel & Chief Administrator; DONNA
GAMBINO, Co-Ordinator of Surgery; MID ATLANTIC RETINA; CEO JOHN
DUEMELL; ED WEBER, Director of Operations; WINKEL, SPECT; BARBARA
BROWN, At Cherry Hill, New Jersey; SARAH RAPUANO; DR. DAVID C. REED;
DR. SONJA MEHTA; DR. ROBERT S. BAILEY, JR.; DR. SAMUEL K. HOUSTON,
III; DR. MICHAEL ATHONY DELLAVECCHIA; CITY OF PHILADELPHIA
TRUSTEE; MID ATLANTIC RETINA PRACTICE; WILLS EYE FOUNDATION;
RHONDA CERETELLE; RHONDA COLCLOUGH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cv-02728
District Judge: The Honorable Gerald J. Pappert

Argued December 11, 2018

Before: SMITH, *Chief Judge*, McKEE, and FISHER, *Circuit Judges*

(Filed: January 11, 2019 )

Sara Solow                          **[ARGUED]**
Hogan Lovells US
1735 Market Street
23rd Floor
Philadelphia, PA  19103
        *Counsel for Appellant*

Karyn Dobroskey Rienzi          **[ARGUED]**
Donna Y. Kramer
Post & Schell
1600 John F. Kennedy Boulevard
Four Penn Center, 13th Floor
Philadelphia, PA  19103
          *Counsel for Appellee Wills Eye Hospital*

Roseann L. Brenner
Deborah M. Knight          **[ARGUED]**
Goldfein & Joseph
1800 John F. Kennedy Boulevard
20th Floor
Philadelphia, PA  19103
          *Counsel for Appellees Dr. Samuel K. Houston, III and*
          *other medical defendants*

Carol M. Cowhey
Daniel P. Martz
Christie & Young
1880 John F. Kennedy Boulevard
10th Floor
Philadelphia, PA  19103
          *Counsel for Dr. Michael A. DellaVecchia*

Jonathan P. Rardin
Howard A. Rosenthal
Archer & Greiner
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA  19103
          *Counsel for City of Philadelphia Trustee*

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

SMITH, *Chief Judge.*

Ronald Bilinski appealed the District Court's dismissal of his *pro se* complaint that asserted multiple federal and state law causes of action against Dr. Samuel Houston, Wills Eye Hospital, and twenty-five other defendants.[1]  After we granted Bilinski's request for the appointment of counsel,[2] *pro bono* counsel argued that the District Court had erred by granting the defendants' motion to dismiss Bilinski's medical malpractice claims for failure to file the Certificate of Merit (COM) required under Pennsylvania Rule of Civil Procedure 1042.3(a).[3]  We agree.

I.

---

[1] Among the numerous other defendants are several persons and entities associated with Wills Eye Hospital.  For simplicity, we refer to them collectively as Wills Eye Hospital.  Bilinski also sued Dr. Houston, Retinovitreous Associates, Ltd., and several other persons associated with that entity.  We refer to those defendants collectively as Dr. Houston.

[2] The Court extends its thanks to Attorney Sara Solow for representing Bilinski *pro bono* during this appellate proceeding.

[3] Rule 1042.3 requires plaintiffs alleging "that a licensed professional deviated from an acceptable professional standard" to file a COM.  Pa. R. Civ. P. 1042.3(a).  Relevant to this appeal, subsections (a)(1) and (a)(3) of the Rule provide that the COM consists of a written statement either by (1) an appropriate licensed professional "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm" sustained by the plaintiff, or (3) counsel or the party indicating that "expert testimony . . . is unnecessary for prosecution of the claim."  Pa. R. Civ. P. 1042.3(a)(1), (a)(3).  In *Liggon-Redding v. Estate of Sugarman*, we held that this state rule is "substantive law under the *Erie* Rule and must be applied as such by federal courts."  659 F.3d 258, 265 (3d Cir. 2011).

According to Ronald Bilinski's *pro se* amended complaint, he has had some visual impairment in his left eye since 1965, but 20-20 vision in his right eye. A45-46. On December 15, 2013, Bilinski went to Wills Eye Hospital's emergency room because "snow + ice [were] hitting [his] good right eye." A46. The following day, he had an operation and "Dr. Reed restored [his] vision [in the right eye] back to 20-20." *Id.*

During a follow-up evaluation for new glasses on June 16, 2014, Dr. Samuel Houston "looked in [Bilinski's] right eye", then left "screaming [']Oh, Oh, Oh, Oh[']] repeatedly," causing Bilinski to go "into shock." A80-82. Dr. Houston "made [Bilinski] follow him," and then "lasered [Bilinski's] right eye [and] ruined it," leaving Bilinski blind in that eye. A82, 47. Bilinski alleges that Dr. Houston, without Bilinski's consent, performed an unnecessary operation and "hurt" him. A82.

Thereafter, Bilinski initiated this civil action against Dr. Houston, Wills Eye Hospital and numerous other defendants. Bilinski alleged multiple federal and state causes of action, including that the defendants were liable for negligence and had operated without obtaining Bilinski's informed consent (collectively referred to as the medical malpractice claims).[4] Under Rule 1042.3(a), a COM must be filed either with a

---

[4] Although Bilinski appealed the dismissal of all of his claims against all of the defendants, his *pro bono* counsel acknowledged that this appeal does not require review of any claims other than the professional negligence and lack of informed consent claims. Appellant's Reply Br. at 1 n.1. Furthermore, counsel does not take issue with the dismissal of any claims against defendants Dr. Michael A. DellaVecchia and the City of Philadelphia, Trustee under the Will of James Wills, Deceased, Acting by the Board of Directors of City Trusts (Board of Directors). *Id.* Accordingly, we will affirm the District Court's orders dismissing Bilinski's non-medical malpractice claims against all of the defendants and the dismissal of the medical malpractice claims against Dr. DellaVecchia and the Board of Directors.

complaint alleging medical malpractice or within sixty days after such a complaint is filed. When this sixty day period expired and Bilinski had failed to file a COM, some of the defendants filed a "Notice of Intention to Enter Judgment of Non Pros" on the medical malpractice claims. *See* Pa. R. Civ. P. 1042.6. In response, Bilinski filed a brief and a COM which indicated, as permitted under Rule 1042.3(a)(3), that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against Defendants." A300; *see* Pa. R. Civ. P. 1042.3(a)(3). The defendants then filed motions to dismiss all of Bilinski's claims. As to his medical malpractice claims, the defendants asserted that Bilinski's COM under Rule 1042.3(a)(3) was inadequate because he would need expert testimony to establish that the medical professionals had deviated from the acceptable standard of care.

The District Court thoughtfully addressed all of Bilinski's claims, explaining why dismissal was warranted. In addressing Bilinski's medical malpractice claims, the District Court noted that Pennsylvania law generally requires expert testimony in medical malpractice actions, unless the "matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." A9 (omitting citation and internal quotation marks). Given the nature of Bilinski's ophthalmologic claims, the District Court determined that Bilinski would need to present expert testimony to establish the elements of the negligence action. The Court also concluded that a COM was required if Bilinski were to prevail on his claim that the defendants operated without his informed consent. A10. Because of Bilinski's *pro se* status and a belief that Bilinski might have been confused by the Rule's

requirements, the District Court gave Bilinski another thirty days to file the statement of a licensed professional as contemplated by Rule 1042.3(a)(1). A10.

Bilinski refused. In response to the Court's memorandum, Bilinski stated that "you are not even getting a COMerit, I am sticking to my guns, and I checked [the] block I checked, cause of a simple comon [sic] sense law." *Bilinski v. Wills Eye Hosp.*, No. 2:16-cv-02728, ECF No. 116 at 10 (E.D. Pa. Nov. 30, 2016). Because Bilinski elected at this stage in the litigation to proceed without expert testimony, he was bound by his certification and would be precluded, absent exceptional circumstances, from presenting expert testimony at summary judgment or trial. Pa. R. Civ. P. 1042.3(a)(3), Note.

Thereafter, Dr. Houston filed a second motion to dismiss, which Wills Eye Hospital joined. Dr. Houston urged dismissal based upon Bilinski's failure to file a COM and a written statement by a licensed professional within thirty days as ordered by the District Court. The District Court granted the motion to dismiss. This timely appeal followed.[5]

## II.

Bilinski contends that the District Court failed to comply with the directives of *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). There, we concluded that the District Court had erred by dismissing a *pro se* plaintiff's professional

---

[5] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367. We exercise final order jurisdiction under 28 U.S.C. § 1291. Because the issue of whether the District Court erred in granting the motion to dismiss for failure to file a Rule 1042.3(a)(1) COM presents a question of law, our review is plenary. *Schmigel v. Uchal*, 800 F.3d 113, 116 n.4 (3d Cir. 2015).

6

liability claim because she had submitted, as permitted by Rule 1042.3(a)(3), a COM that indicated that expert testimony was not required to prove her case. We declared:

> There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1). Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove her claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent "exceptional circumstances." . . . A filing under this rule allows the case to proceed to discovery, leaving the consequence of Liggon-Redding's decision to be dealt with at a later stage of the litigation, such as summary judgment or trial. This is the course of action the District Court should follow on remand.

659 F.3d at 265. (citation omitted).

Like the District Court in *Liggon-Redding*, the District Court erred by granting the defendants' motion to dismiss on the basis that Bilinski's COM filed under Rule 1042.3(a)(3) was inadequate. *Id.* A COM under Rule 1042.3(a)(3) that indicates the plaintiff will not adduce expert testimony may be an appropriate basis for summary judgment, but it does not provide a ground for granting a Rule 12(b)(6) dismissal. *Id.*

Dr. Houston and Wills Eye Hospital assert that we should affirm the District Court's dismissal on an alternative ground. They contend that the District Court essentially converted the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Because a lack of necessary expert testimony is an appropriate basis for granting summary judgment, Dr. Houston and Wills Eye Hospital submit that we should affirm the District Court's dismissal.

The District Court did not issue a summary judgment ruling. Dr. Houston and Wills Eye Hospital moved for dismissal and, in ruling on that motion, the District Court

7

did not provide Bilinski notice of any intention to convert the motion to one for summary judgment as required by Rule 12(d). *See Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). Moreover, *Liggon-Redding* made clear that a Rule 1042.3(a)(3) COM may serve as the basis for summary judgment. 659 F.3d at 265. We reiterated this point in *Schmigel v. Uchal*, 800 F.3d 113, 122 (3d Cir. 2015), instructing that "the COM requirement and its conditions are facts that can form the basis for a motion for summary judgment." We also noted that a "motion for summary judgment can be filed whenever appropriate." *Id.* Despite the clarity of our case law, Dr. Houston and Wills Eye Hospital ask us to relieve them from the consequences of their decision to file a motion to dismiss. We decline their invitation. Instead, we will reverse the District Court's dismissal of Bilinski's medical malpractice claims and remand for further proceedings.

## III.

Finally, we note that *pro bono* counsel asserts that Bilinski's *pro se* complaint, which must be construed liberally, adequately alleges claims for gross negligence and battery. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (acknowledging that a *pro se* plaintiff's pleading must be liberally read) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). These claims, counsel contends, do not require expert discovery and should be allowed to proceed to discovery. Because we are remanding this matter for further proceedings, we will leave the issue of whether the complaint adequately alleges claims of gross negligence and battery to the District Court to resolve in the first instance.

## IV.

We appreciate the District Court's attempt to assist Bilinski in prosecuting his claim by examining whether expert testimony was required under Pennsylvania law and affording him additional time. Nonetheless, it was error to conclude that Bilinski's COM under Rule 1042.3(a)(3) provided a basis for granting the defendants' Rule 12(b)(6) motion to dismiss. We will reverse the District Court's order dismissing Bilinski's medical malpractice claims against Dr. Houston and Wills Eye Hospital. We will affirm the District Court's orders dismissing all of Bilinski's other non-medical malpractice claims against all of the defendants. We will also affirm the District Court's order dismissing the medical malpractice claims against Dr. DellaVecchia and the Board of Directors.