**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4336
_____

*ELIZABETH LIGGON-REDDING,
                                    Appellant

v.

THE ESTATE OF ROBERT SUGARMAN

*(Pursuant to Rule 43(a), FRAP)
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-04591)
District Judge:  Honorable Juan R. Sanchez
_____

ARGUED JULY 13, 2011

Before:  FUENTES, FISHER, and NYGAARD,
*Circuit Judges*

(Filed:  October 4, 2011)

Elizabeth Liggon-Redding
P. O. Box 521
Rancocas, NJ  08073

*Pro Se Appellant*

Richard H. Frankel, Esq.
Iwona Rusek, Student Counsel
Kristin Shicora, Student Counsel [Argued]
Drexel University
Earle Mack School of Law
3320 Market Street
Philadelphia, PA  19104

*Court Appointed Amicus Curiae*

Audrey J. Copeland, Esq. [Argued]
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
Kind of Prussia, PA  19406

John J. Hare, Esq.
Frederic Roller, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103

*Attorneys for Appellees*

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

This appeal presents two questions: first, whether Pennsylvania Rule of Civil Procedure 1042.3, requiring the filing of a Certificate of Merit in malpractice cases, is substantive law that federal courts must apply under *Erie v. Tompkins*, 304 U.S. 64 (1938); and second, if the rule is substantive state law, did the Appellant comply? We answer both questions in the affirmative and will, as a result, reverse the District Court's dismissal of the Appellant's complaint and remand this matter for further proceedings.

I.

In this diversity case, Appellant Elizabeth Liggon-Redding filed suit pro se against Attorney Robert Sugarman, alleging that he committed legal malpractice while representing her in a medical malpractice case in Pennsylvania state court.[1] In particular, she alleged that her

---

[1] The District Court's jurisdiction was based on 28 U.S.C. § 1332 (diversity of citizenship). Our jurisdiction is based on 28 U.S.C. § 1291. The District Court dismissed with prejudice Liggon-Redding's claims for failure to prosecute or to comply with its orders pursuant to Federal Rule of Civil Procedure 41(b). We review such an order for an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Although we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits. *Id.*

medical malpractice case was dismissed by the state court because Sugarman was negligent in failing to retain an expert. Sugarman, also proceeding pro se in the District Court, defaulted on the complaint but successfully moved to vacate the default, explaining the circumstances that gave rise to it and also summarizing his defense to Liggon-Redding's claim (in essence, that Liggon-Redding's subsequent treating physician told him that Liggon-Redding's previous physician had not been negligent, and that he could not locate an expert to testify to the contrary). The District Court then permitted him to file an answer. Sugarman died while this case was pending in the District Court and his estate was substituted as a defendant.

Pennsylvania law requires a plaintiff to file a certificate of merit within 60 days after filing a professional negligence complaint. Liggon-Redding's certificate was due by January 18, 2008, but she did not file a certificate within that time. Sugarman, however, did not raise that issue either in his answer (filed three days before that deadline) or later by separate motion. The District Court entered a routine scheduling order on January 24, 2008. Then, on February 28, 2008, the District Court *sua sponte* entered an order directing the parties to file briefs regarding Pennsylvania's certificate of merit requirement.[2] The order correctly noted that the Pennsylvania rules require:

---

[2] Sugarman did not argue below and does not argue on appeal that the District Court lacked the authority to grant this extension *sua sponte*. *Cf.* PA.R.CIV.P. 1042.3(d) and Note (authorizing extension only on timely motion for good cause shown). In any event, under Pennsylvania law, a plaintiff may file an untimely certificate of merit as long as she does

4

a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that [defendant's conduct] fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or . . .

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA.R.CIV.P. 1042.3(a)(1) & (3) (emphasis added). The order also quoted the note to the latter provision, which states:

In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the

_____

so before the defendant files a praecipe for non pros, and Liggon-Redding filed all of the relevant documents here before Sugarman moved to dismiss her complaint. *See Moore v. John A. Luchsinger, P.C.,* 862 A.2d 631, 632-33 (Pa. Super. Ct. 2004) (noting also that the certificate of merit requirement is not "self-enforcing").

5

> absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

PA.R.CIV.P. 1042.3(a)(3), Note.

In response to this order, Liggon-Redding filed a document entitled "certificate of merit," in which she stated in relevant part: "At the conference when you asked if I wanted or needed an expert and I said no, will that be deemed under Rule 1042.3 as (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim?" The District Court did not directly answer her question and, instead, entered a second order on March 27, 2008, amending its previous order "to allow Plaintiff 45 days from the date of this Order to submit a certificate of merit," and again quoting the relevant language of Rule 1042.3. Within those 45 days, Liggon-Redding filed two more documents. The first is captioned "motion on certificate of merit requirement," and states in relevant part: "The Plaintiff has not failed to comply with this requirement, Once Again, 'EXPERT TESTIMONY OF AN APPROPRIATE PROFESSIONAL IS UNNECESSARY FOR PROSECUTION OF THE CLAIM![']." The second document is also captioned a "certificate of merit" and states in relevant part that "Plaintiff does not know how to comply with rule 1042 if stating that, 'expert testimony of an appropriate licensed professional is unnecessary for

6

prosecution of the claim,' does not satisfy the requirement," and that "Plaintiff has satisfied the Certificate of Merit Requirement to the best of her knowledge and belief."

Thereafter, when Sugarman's estate was substituted as a defendant, counsel for the estate filed a motion to dismiss Liggon-Redding's complaint under Rule 41(b) for her purported failure to file a certificate of merit. The District Court granted that motion by memorandum and order entered October 23, 2008. In doing so, the District Court wrote that Liggon-Redding had "failed to file a Certificate of Merit," and characterized her as "argu[ing] that she does not need a Certificate of Merit because she expects to proceed without an expert." Judge Sanchez rejected that argument because he concluded that Liggon-Redding in fact would require expert testimony to prove her claim. The District Court did not address why Liggon-Redding's filings should not be construed as a certificate under Pennsylvania Rule 1042.3(a)(3) or why, as a matter of Pennsylvania or federal law, she was not entitled to proceed under that section of the Rule.

II.

We begin with the question of whether the Pennsylvania rule requiring a certificate of merit is procedural or substantive law. The District Court found Pennsylvania's certificate of merit requirement to be substantive state law. We have never addressed the issue precedentially and asked the parties to submit additional briefing on this question.[3]

---

[3] District Courts within this Circuit have long recognized that Rule 1042.3 is substantive law and should be applied by

A federal court sitting in diversity must apply state substantive law and federal procedural law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In *Chamberlain v. Giampapa*, 210 F.3d 154, 158-61 (3d Cir. 2000), we summarized the jurisprudence of the United States Supreme Court and other courts concerning the *Erie* Rule, and set out a three-part test to determine whether a state law is substantive or procedural for purposes of compliance with the *Erie* Rule. First, a court must determine whether there is a direct collision between a federal rule and the state law or rule that the court is being urged to apply. If there is a direct conflict, the federal court must apply the federal rule and reject the state rule. If there is no "direct collision," then the court applies the *Erie* Rule to determine if state law should be applied, by evaluating the second and third prongs of the *Chamberlain* test. *Chamberlain*, 210 F.3d at 159-161. In the second part of the *Chamberlain* test, a court must determine whether the state law is outcome-determinative and whether failure to apply the state law would frustrate the twin aims of the *Erie* Rule to discourage forum shopping and avoid inequitable administration of the law. Third, the court must consider whether any countervailing federal interests prevent the state law from being applied in federal court. *See id.*

The parties point to Federal Rules of Civil Procedure 8, 9, 11 and 41(b) as rules that may collide with the Pennsylvania Certificate of Merit requirement. We have also independently looked at FED.R.CIV.P. 7. None of these rules

federal courts sitting in diversity. *See, e.g., Schwalm v. Allstate Boiler & Const.,* 2005 WL 1322740 , at *1 (M.D. Pa. May 17, 2005); *Scaramuzza v. Sciolla*, 345 F.Supp.2d 508, 509-10 (E.D.Pa. 2004).

collide with the Pennsylvania certificate of merit requirement. We will briefly discuss each rule.

## A.

Federal Rule 7(b) governs the application to the court for an order and requires that any application to the court be by motion. Unlike Federal Rule 7(b), Pennsylvania Rule 1042.3 requires a certificate of merit to be filed within 60 days after filing a professional negligence claim. Filing a certificate of merit, and applying for an order are clearly different and unrelated. Filing a certificate of merit is not an application to the court for an order because, when a plaintiff files a certificate, he or she is merely adding to the record and not requesting any relief or action by the court. Therefore, Federal Rule 7(b) and Pennsylvania Rule 1042.3 do not directly collide.

In *Chamberlain*, we held that neither FED.R.CIV.P. 8 nor 9 conflicted with a New Jersey Affidavit of Merit statute. *See* 210 F.3d at 159-60. The same holds true for the Pennsylvania rule. Federal Rule 8 sets out a requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). In contrast, Pennsylvania Rule 1042.3 does not require a plaintiff to set forth any factual averments upon which a claim is based. Instead, the rule requires that a "written statement [must be filed] that there exists a reasonable probability" that the defendant's care, skill, or knowledge fell outside acceptable professional standards. PA.R.CIV.P. 1042.3(a)(1). Further, the attorney's signature certifies that an "appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill,

9

or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." *Id*. Thus, PA.R.CIV.P. 1042.3 was created to ensure that professional negligence claims are meritorious, and the certificate of merit requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims. The Certificate of Merit, therefore, does not have any "effect on what is included in the pleadings of a case or the specificity thereof. " *Chamberlain*, 210 F.3d at 160.

Federal Rule 9 does require specificity in pleading certain types of claims, but malpractice is not among them. *See id.* Taken together, these rules "dictate the content of the pleadings and the degree of specificity that is required." *Id*. As was the case with the New Jersey statute, Pennsylvania Rule 1042.3 does not govern the content of pleadings or the level of specificity contained therein. The Pennsylvania Certificate of Merit, like its New Jersey counterpart, is not a pleading and need not be filed until well after the complaint. The Pennsylvania rule does not interfere with the pleading standards set forth in Federal Rules 8 and 9. Therefore, these rules can co-exist with the Federal Rules.

The same is true for Rule 11. Liggon-Redding argues that Rule 11 requires an attorney to sign a pleading, thereby attesting that the complaint is meritorious. *See* FED.R.CIV.P. 11(b)(1)-(4). Pennsylvania's Rule 1042.3, she maintains, is superfluous because it requires the same thing. We disagree. Pennsylvania Rule 1042.3 requires an additional written statement by "an appropriate licensed professional" attesting

10

to a "reasonable probability" that a "licensed professional deviated from an acceptable professional standard." PA.R.CIV.P. 1042.3. Additionally, the Pennsylvania certificate of merit must be filed within sixty (60) days of the filing of the complaint. Federal Rule 11, in contrast, does not require an additional consultation with experts or the filing of a separate written statement within sixty (60) days of the filing of the complaint. Indeed, Federal Rule 11 only requires consultation with an attorney while the Pennsylvania Certificate of Merit Rule 1042.3 requires a written statement of an appropriate licensed professional, typically a physician.

If a plaintiff does not file a certificate of merit pursuant to PA.R.CIV.P. 1042.3, then PA.R.CIV.P. 1042.6 provides that an entry of judgment of *non pros* may be entered for failure to file the certification. Conversely, Federal Rule 11 does not mandate dismissing a plaintiff's claim for failure to consult with an attorney. Rule 11 does, however, provide for discretionary sanctions if the plaintiff violates this Federal Rule of Civil Procedure. Dismissing an action under Rule 11, however, is a sanction of last resort. *See Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (sanctions under Rule 11 only prescribed "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous" (internal citation and quotation marks omitted)). This, of course, differs from PA.R.CIV.P. 1042.6 which requires dismissal.

Federal Rule of Civil Procedure 11 can co-exist with the Pennsylvania certificate of merit rule because each rule controls its own intended area of influence without any conflict. PA.R.CIV.P. 1042.3 is not "superfluous" since its promulgation was specifically intended to ferret out claims

11

lacking merit in the interest of preserving judicial resources and promoting judicial economy. We therefore hold that FED.R.CIV.P. 11 does not conflict with PA.R.CIV.P. 1042.3.

Likewise, Federal Rule 41(b) does not directly collide with Pennsylvania Rule 1042.3. Federal Rule 41(b) governs involuntary dismissals. Pennsylvania Rule 1042.3 does not address any form of dismissal. The filing of a certificate of merit serves an entirely different purpose and contemplates an entirely different process than that of moving for an involuntary dismissal. Therefore, because filing a certificate of merit is different than an involuntary dismissal, we conclude that these rules do not directly collide.

### B.

Having found no direct collision, we proceed to the second part of the *Chamberlain* test which requires us to apply traditional *Erie* principles. *See* 210 F.3d at 161. We have no difficulty holding that the failure to apply PA.R.CIV.P. 1042.3 would be outcome-determinative and that such a failure would frustrate the twin aims of the *Erie* Rule: discouraging forum shopping and avoiding inequitable administration of the laws. *See Lafferty v. St. Riel*, 495 F.3d 72, 83 n. 14 (3d Cir. 2007) (quoting *Hanna v. Plumer,* 380 U.S. 460, 468 (1965).

In Pennsylvania state court, a plaintiff's failure to comply with Pennsylvania Rule 1042.3 permits a defendant to file a Praecipe for Entry of Judgment of Non Pros. Dismissing a claim or case can certainly determine the outcome of the matter. Indeed, a dismissal is permanently determinative if the case is dismissed after the statute of limitations has run.

12

Thus, failing to apply the Pennsylvania rule in a federal action where no certificate of merit was filed would "produce a different outcome than that mandated in the state proceeding." *Chamberlain*, 210 F.3d at 161.

Further, failing to apply Pennsylvania Rule 1042.3 in federal court would not serve the "twin aims" of the Erie rule. First, such a failure would encourage forum shopping. As we held in *Chamberlain*, a plaintiff "who [has] been unable to secure expert support for their claims and face[s] dismissal under the statute in state court may, by filing in federal court, be able to survive beyond the pleading stage and secure discovery." 210 F.3d at 161. Put another way, if PA.R.CIV.P. 1042.3 is considered procedural, and thus inapplicable in federal courts, it would, theoretically, be easier to pursue frivolous or meritless professional malpractice cases in federal court (without a certificate of merit requirement) in diversity and pendent jurisdiction cases, than in Pennsylvania state courts (with such a requirement). Inasmuch as one of the purposes of the *Erie* doctrine is to end discrimination against citizens by non-citizens and to discourage forum shopping, *see Hanna*, 380 U.S. at 468, the Pennsylvania rule must be applied.

The second of Erie's "twin aims" is likewise satisfied by enforcing the Pennsylvania rule in federal court. The failure to apply Pa.R.Civ.P. 1042.3 would result in inequitable administration of the law. Were we not to apply the state rule, a defendant in federal court would be forced to engage in additional litigation and expense in a non-meritorious malpractice suit simply because the plaintiff was from a different state. *See Chamberlain*, 210 F.3d at 161. Moreover, a non-diverse plaintiff in state court would be

13

required to comply with the rule, while a plaintiff in federal court could avoid the certificate of merit requirement simply because he or she is a citizen of a different state. The "twin aims" of Erie, therefore, weigh in favor of concluding that the Pennsylvania rule is substantive, rather than procedural. *See Hanna*, 380 U.S. at 468.

## C.

Finally, the parties have not asserted a countervailing federal interest nor can we conceive of any that would prevent the application of the Pennsylvania Rule 1042.3. Accordingly, we conclude that Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts.

## III.

We now turn to the sufficiency of the Appellant's Certificate of Merit. The District Court and the Appellee both stated that the Appellant "failed" to file a Certificate of Merit. We disagree. The District Court dismissed her complaint on that basis, relying on Fed.R.Civ.P. 41 which authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" FED.R.CIV.P. 41(b).[4] Our review of the record, however, reveals that

---

[4] We review a District Court's dismissal of a plaintiff's claim pursuant to FED.R.CIV.P. 41(b) for an abuse of discretion. *Doe v. Megless*, --- F.3d ---, 2011 WL 3250443 at \*5 (3d Cir. Aug. 1, 2011) (citing *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir.2008) and *Emerson,* 296 F.3d at 190.

14

Liggon-Redding filed a certificate of merit in compliance with the Pennsylvania rules wherein she indicated that expert testimony of an appropriate licensed professional was unnecessary for the prosecution of her complaint. *See* PA.R.CIV.P. 1042.3(a)(3).

Pro se filings, such as Liggon-Redding's, must be liberally construed. *See Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007). Liggon-Redding filed two documents within the time period permitted by the District Court. These filings unambiguously stated that she was proceeding under Pennsylvania Rule 1042.3(a)(3) by asserting that no expert testimony was needed to advance her claims. The District Court did not address her point and, instead, characterized her statements as an argument that she need not file a certificate of merit under PA.R.CIV.P. 1042.3(a)(1). The District Court concluded that her claims would need expert testimony and rejected the position it ascribed to Liggon-Redding. In doing so, the District Court abused its discretion.[5]

---

[5] We recognize that a preliminary determination that expert testimony will be required in a particular case may seem to be an attractive option and superficially appear to serve the purpose of the certificate of merit requirement, which is to "identify and weed out non-meritorious malpractice claims from the judicial system efficiently and promptly." *Womer v. Hilliker*, 908 A.2d 269, 275 (Pa. 2006). However, neither the rule nor Pennsylvania jurisprudence authorizes such an early determination. The Pennsylvania Supreme Court's decision in *Womer*, for example, speaks only in terms of the "presence" or "absence" of a certificate, and the plain language of the rule permits parties to certify that no expert

15

There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1). Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove her claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent "exceptional circumstances." PA.R.CIV.P. 1042.3(a)(3), Note. A filing under this rule allows the case to proceed to discovery, leaving the consequence of Liggon-Redding's decision to be dealt with at a later stage of the litigation, such as summary judgment or trial. This is the course of action the District Court should follow on remand.

IV.

The District Court's dismissal of Liggon-Redding's complaint was clearly premature. Hence, we will reverse the cause and remand this matter for further proceedings consistent with this opinion.

---

will be required. The federal rules likewise do not provide a basis for the District Court's actions here. As we have determined, a "certificate of merit" is not a pleading. *See* FED.R.CIV.P. 7(a); *Chamberlain*, 210 F.3d at 160 (New Jersey affidavit of merit not a "pleading").