**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3696
_____

MEI CHEN,
a/k/a Mei Mei Lin
a/k/a Mei Hua Chen

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

Mei Chen,
Petitioner

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-250-759)
Immigration Judge:  Honorable Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2013

Before: SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: March 26, 2013 )
_____

OPINION
_____

PER CURIAM

Via a petition for review, Mei Chen challenges a Board of Immigration Appeals (BIA) order of removal that denied her applications for relief. For the following reasons, we will deny her petition.

Chen is a citizen of the People's Republic of China, hailing from Fujian Province. Using a fraudulent passport, she entered the United States in 1999. Many years later, following the birth of her first child and during her second pregnancy, Chen filed an application for asylum and related relief, claiming that she feared persecution in her native China based on her violation of the one-child policy and her conversion to Christianity since arriving in the United States. An Immigration Judge (IJ) denied the application, concluding—on the basis of an inconclusive evidentiary record and in light of agency and Circuit case law—that Chen had not met her burden of proof.

Chen appealed. The BIA affirmed in a thorough opinion, holding that Chen's fear of persecution was not objectively reasonable. Turning first to Chen's Christianity claim, the BIA pointed to a lack of factual development and a wide spectrum (in terms of both locality and variety) of tolerated religious practices in China, compounded by Chen's lack of firsthand experience as a practicing Christian in her country of citizenship. With regard to Chen's one-child claim, the BIA noted, first, that Chen had not persuasively shown that her children would be considered Chinese nationals for the purpose of the one-child policy. Second, even if Chen's children would be considered Chinese nationals, record evidence supported the IJ's conclusion that they would not be counted under the policy so long as they were not added to the household registration. The BIA

2

also questioned whether Chen had actually violated the policy to begin with. Finally, even assuming that Chen *had* violated the policy and that her children would be counted under it, Chen had not shown that the measures taken against her would likely rise to the level of persecution. Because Chen had failed to satisfy the burden of proof required to obtain asylum relief, her withholding of removal claim necessarily failed, too.[1]

Chen now seeks review from this Court. We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's decision, looking to the IJ's opinion only to the extent that the BIA deferred to it. Factual findings are evaluated under the "substantial evidence" standard: we may reverse them only if no reasonable fact finder could make that finding on the administrative record. See Malik v Att'y Gen., 659 F.3d 253, 256 (3d Cir. 2011); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").[2] "So long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,' we will not disturb [its] disposition of the case." Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Because Chen did not claim to have suffered persecution in the past, she applied

---

[1] Chen waived consideration of her Convention Against Torture claim on appeal.

[2] Chen suggests that we should review, in part, for an abuse of discretion. See Pet'r's Br. 7. However, she does not challenge any agency decision, such as a denial of a motion to reopen, that would be subject to that standard. See, e.g., Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012).

3

for asylum on the basis of a well-founded fear of persecution if she were to be removed to China. See Dong v. Att'y Gen., 638 F.3d 223, 228 (3d Cir. 2011). The BIA determined that Chen's fear was not objectively reasonable, and we find its conclusion to be supported by substantial evidence.

Chen argues that the BIA erred with regard to her religion claim because "the Chinese government will not allow her to freely practice her religion." The BIA correctly dismissed this claim as speculative, observing that it was "not clear which church she would attend in China or whether the government would become aware of her religious convictions." See Dieng v. Holder, 698 F.3d 866, 872 (6th Cir. 2012) (emphasizing that fear of future persecution cannot be based on "speculative conclusions"). The BIA acknowledged that the 2007 Religious Freedom Report on China indicates that religious repression can and does occur, especially with regard to unsanctioned groups and their leaders, but indicated that the report also stresses the "regional" variations in treatment of these groups. While abhorrent, not all "harassment and discrimination" necessarily rises to the level of "persecution" contemplated by the asylum statute. See Wong v. Att'y Gen., 539 F.3d 225, 236 (3d Cir. 2008). We therefore conclude that the record does not compel a contrary outcome. See also Chen v. Gonzales, 470 F.3d 1131, 1137–38 (5th Cir. 2006) (discussing the 2003 Religious Freedom Report in the context of a very similar claim).

Chen's one-child claim is more troubling, but we ultimately find that substantial

evidence supports the BIA's conclusion. Chen argues that she has satisfied the three-pronged standard for such a claim set out by Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007): "the details of local family planning policies, proof that an alien violated such policies, and evidence that local enforcement efforts against the violation will rise to the level of persecution." Id. at 201.[3] She points to her submission of "evidence establishing the details of the local family planning policy," evidence tending to show a "violat[ion of] the policy," and evidence that the response to her violation would be either forced sterilization or economic penalties so severe as to constitute persecution. Chen also suggests that the BIA failed to consider certain evidence before it, and was derelict in declining to credit her evidentiary submissions. But the BIA specifically determined that she had *not* met the J-H-S- test, pointing to conflicting information in the administrative record, including uncertainty over whether Chen had actually violated China's family planning policies based on her agricultural registration and the five-year stretch separating the births of her children. And even if Chen was in violation of the policy, the BIA concluded that the evidence she submitted—letters from persons whose stories, while alarming, did not precisely mirror her situation; statements from village committees and other Chinese government sources that were unauthenticated—did not counterweigh evidence suggesting that whatever penalty she might draw for her violation would not

_____

[3] Chen does not challenge the validity of the J-H-S- formulation, but we note that several of our sister Circuits have approved it. See, e.g., Shao v. Mukasey, 546 F.3d 138, 157 (2d Cir. 2008); Wang v. Keisler, 505 F.3d 615, 623–24 (7th Cir. 2007). We have discussed J-H-S- on several occasions, albeit not in a precedential opinion.

amount to persecution.[4]  As the Government points out, even if we disagreed with the BIA under a de novo standard of review, under the "substantial evidence" standard we must leave the agency's findings undisturbed unless a reasonable fact finder would be *compelled* to conclude to the contrary.  See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007).   The record does not compel a contrary outcome here.

Because we determine that the BIA's asylum decision was supported by substantial evidence, it necessarily follows that Chen has not satisfied the "more demanding" standard of obtaining withholding of removal relief.  Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 591 (3d Cir. 2011).  Thus, the petition for review will be denied.

---

[4] Chen specifically assails the agency's decision to give less weight to some of her submissions, arguing that her credibility should extend to the contents of her evidentiary proffer.  She cites no cases for this proposition.  Of course, an alien's credibility can be closely tied to the materials she submits, but an otherwise-credible person can nevertheless submit fraudulent, questionable, or unauthenticated documents without herself being deemed dishonest.  Cf. Corovic v. Mukasey, 519 F.3d 90, 97–98 (2d Cir. 2008) (discussing test used to associate alien's submission of a fraudulent document with his lack of credibility).