CLD-272                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2303
_____

CHRISTOPHER YOUNG,
                                        Appellant

v.

REHKA HALLIGAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00169)
District Judge:  Honorable Richard A. Lanzillo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 16, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Christopher Young appeals the District Court's dismissal of his civil rights action for failure to state a claim. Because this case does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

On May 25, 2018, Young filed suit pursuant to 42 U.S.C. § 1983, alleging that Dr. Rehka Halligan deprived him of necessary medical care while incarcerated at the State Correctional Institution at Albion ("SCI-Albion"). Young generally alleged that Dr. Halligan never adequately treated him for his illnesses, left him untreated at times despite his numerous complaints, and told him that he did not need a specialist, which he contended violated the Eighth Amendment and Pennsylvania state law for medical malpractice/negligence.

Dr. Halligan submitted a motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The District Court ultimately granted Dr. Halligan's motion to dismiss. With regard to Young's Eighth Amendment claims, the District Court thoroughly detailed the various drug treatments and tests administered by Dr. Halligan and other medical staff at SCI-Albion, and determined that both Young's complaint and the proposed amended complaint[1] indicated that he had received frequent and comprehensive attention for his medical conditions. Indeed, the District Court noted that Young was examined at least 40 times during the time period at issue, which included attention from outside specialists, a litany of various medical tests, and the administration of various

_____

[1] Instead of an opposition to the motion to dismiss, Young submitted an amended complaint without leave of the court on. See Fed. R. Civ. P. 15(a)(2).

2

drugs to address Young's symptoms. The District Court determined that Dr. Halligan's treatment decisions were the product of her medical judgment and held that Young's dissatisfaction with those decisions amounted to nothing more than a disagreement between an inmate and his treating physician over alternative treatment plans, which was not actionable under the Eighth Amendment.

With regard to the state law claims for medical malpractice/negligence, the District Court determined that Young failed to file a certificate of merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, despite being provided with the requisite notice of the need to do so. The court held that this failure required dismissal of those claims. Young timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of a motion to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id.

We agree with the District Court that Young failed to allege a cognizable Eighth Amendment claim. Here, Young failed to allege that Dr. Halligan was deliberately indifferent to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Young did not allege—nor could he—that he was refused medical care or treatment by

3

Dr. Halligan. To the contrary, he was seen approximately 40 times by Dr. Halligan or other SCI-Albion medical staff, given various medical tests, and prescribed medication to address his various medical problems. Thus, Young's claims rested on his disagreement with the method by which Dr. Halligan provided his medical care. Because Young failed to allege that Dr. Halligan's treatment methods otherwise violated professional standards of care, Young failed to state a violation of his Eighth Amendment rights. See Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) ("Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an [E]ighth [A]mendment violation,' when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." (internal citation omitted)).

Furthermore, we agree that Young's failure to file a certificate of merit ("COM") necessitated dismissal of his state law claims. See Pa. R. Civ. P. No. 1042.3 (requiring a plaintiff to file a COM within 60 days after filing a professional negligence complaint). Here, Dr. Halligan provided Young notice of her intent to dismiss his state law claims due to Young's noncompliance with Rule 1042.3. See Dkt. #14; See Pa. R. Civ. P. Nos. 1042.6–7 (stating a defendant may move to dismiss the case for failure to file a COM; however, a plaintiff's case will not be dismissed for failure to timely file a COM unless the defendant has given notice of her intent to seek dismissal). Young has yet to file a COM, despite this notice. Because both the COM requirement and notice requirement

4

are substantive laws under the Erie[2] doctrine, the District Court properly dismissed Young's state law negligence/malpractice claims.  See Schmigel v. Uchal, 800 F.3d 113, 119–20 (3d Cir. 2015) (notice requirement); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264–65 (3d Cir. 2011) (COM requirement).

Finally, the District Court did not err in dismissing the complaint without providing Young an opportunity to amend, because, as his proposed amended complaint demonstrates, amendment would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Accordingly, for all of the foregoing reasons, we will summarily affirm the District Court's judgment.  In light of our disposition, Young's pending motion for appointment of counsel is denied as moot.

---

[2] Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).