DLD-105                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3129
_____

WILLIAM A. WHITE,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00028)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted on Appellant's and Appellee's Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 16, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 30, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William White, a federal prisoner proceeding pro se, appeals the District Court's order granting defendant's motion for summary judgment and denying White's motion for summary judgment. On appeal, the United States has filed a motion for summary action and White has filed a motion for summary reversal. For the reasons discussed below, we grant the United States' motion and deny White's motion, and we will summarily affirm the District Court's judgment.

White filed a complaint in 2017 in the United States District Court for the Southern District of Illinois against the United States pursuant to the Federal Tort Claims Act ("FTCA"). In 2019, two of the 45 counts alleged in his second amended complaint were transferred to the United States District Court for the Western District of Pennsylvania, as both related to a six-week period in 2015 in which White was incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. Id. In the counts, White sought compensatory damages for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") caused by the use of "black box restraints" during his transport to and from FCI-Loretto and by his placement in special housing at the prison, which, he alleged, resulted in post-traumatic stress disorder ("PTSD"). Dkt. No. 49 at 96-101. The examiner who diagnosed White with PTSD in July 2016 reported that White "experienced traumatic events" during periods of incarceration at institutions in Florida and Chicago. Dkt. No. 142-3 at 23-24.

Both parties moved for summary judgment. Dkt. Nos. 139 & 145. In response to defendant's motion, White conceded that the allegations supporting his IIED claim were false and that the case was "about the [Bureau of Prisons ("BOP")] having negligently

2

placed and maintained" him in special housing at FCI-Loretto "rather than an [IIED] case." Dkt. No. 150 at 3. The Magistrate Judge recommended granting defendant's motion because of White's concession and because he failed to establish a breach of duty or causation as required for NIED under Pennsylvania law. Dkt. No. 159 at 16, 20, 23-24. The District Court, over White's objections, adopted the Magistrate Judge's R&R in its entirety, granted the defendant's motion, and denied White's motion. Dkt. No. 162. White filed this timely appeal. Dkt. No. 164.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion for summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

First, the District Court properly concluded that the United States was entitled to judgment as a matter of law on White's IIED claim because, given White's admission that his allegations underlying the claim were false, there was no genuine factual dispute about the lack of "black box restraints" used during his transport to and from FCI-Loretto. See Fed. R. Civ. P. 56(a).

Second, the District Court properly granted judgment in favor of the United States on White's NIED claim related to his placement in special housing at FCI-Loretto. A claim brought under the FTCA is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see Gould Elecs. Inc. v. United States, 220

3

F.3d 169, 179 (3d Cir. 2000). In Pennsylvania, a plaintiff making a claim for NIED based on a fiduciary duty, like White, Dkt. No. 49 at 99, must establish that the defendant breached that duty and the breach resulted in injury to the plaintiff, see Weiley v. Albert Einstein Med. Ctr., 51 A.3d 202, 217 (Pa. Super. Ct. 2012). The BOP has a duty to care for and keep safe all federal prisoners. 18 U.S.C. § 4042(a). Although White asserted that his placement in special housing was a breach of that duty, he did not provide evidence raising any factual dispute that, during his incarceration at FCI-Loretto, he received medical care, including mental health screenings, exercised outside of his cell, interacted with other inmates, was provided hygiene products and adequate meals, and was subject to the same restrictions as other inmates in transition to a higher-security prison. Dkt. No. 141 at 3-4; Dkt. No. 142-2 at 49-52, 62-65; Dkt. No. 146-1 at 2-4. To the extent White argues that he established negligence per se because the BOP failed to conduct reviews of his housing placement as prescribed by BOP regulations, C.A. Dkt. No. 15 at 17-22, even if that argument were viable, as the Magistrate Judge discussed, White failed to present evidence that any breach of duty by the BOP resulted in an injury to him, Dkt. No. 159 at 20-22. On the contrary, both the examiner who diagnosed him with PTSD and his own expert connected White's diagnosis to events that occurred during unrelated periods of incarceration in other states before his incarceration at FCI-Loretto. See Dkt. No. 142-3 at 23-24; Dkt. No. 156-1 at 4 & 11-15. We see no reason to

4

disturb the District Court's conclusion that White failed to show a disputed issue of material fact regarding his NIED claim.[1]

Accordingly, we grant the United States' motion and deny White's motion, and we will affirm the judgment of the District Court.[2]

---

[1] The District Court was also correct in its ruling that, to the extent that White asserted a medical malpractice claim, see C.A. Dkt. No. 15 at 23-28, the claim failed because White did not submit a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3,  Pa. R.C.P. No. 1042.3; cf. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011) (holding that Pa. R.C.P. 1042.3 "is substantive law under the Erie [v. Tompkins, 304 U.S. 64 (1938)] Rule and must be applied as such by federal courts").

[2] White's motion for leave to file an extended motion and response, C.A. Dkt. No. 14, is granted.