**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1771
_____

JAMES M. TRAINOR,
                                        Appellant

v.

WELLPATH; CORRECT CARE SOLUTIONS; CRNP SUTHERLAND;
RNS JAMIE FERDARKO; RNS GARY PRINKEY; CNRP LESLIE;
CHCA KIM SMITH; LISA LAMOREAUX; CRNP SANDY ROGERS;
CRNP BRENDA HARTZELL; U.M. BEST; C. HAYS; DR. MAXA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00225)
Magistrate Judge: Honorable Richard A. Lanzillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: April 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant James Trainor filed a complaint arising out of his medical care at the State Correctional Institution at Forest. After dismissing some claims and some defendants, the District Court granted the remaining defendants' motions for summary judgment concerning the remaining claims. We will affirm.[1]

I.

Trainor initiated the current action in August of 2020 by filing a complaint in which he alleged that, during his time at SCI-Forest, the defendants' deliberate indifference to his serious medical needs caused him pain, suffering, and other harm in violation of his Eighth Amendment rights.[2] DC ECF 1. He also brought claims under state law for medical malpractice, negligent infliction of emotional distress, and intentional infliction of emotional distress. Id.

Years prior to his confinement, Trainor suffered a thoracic spinal cord injury and required significant surgical intervention and physical therapy over a period of years to regain the ability to walk. Id. at ¶ 10-17. He continues to require physical therapy and pain management for his condition. Id. Upon his arrest and subsequent confinement at Beavery County Prison in 2016, Trainor's medical needs were recognized, and he was

---

[1] A Magistrate Judge presided with the consent of the parties under 28 U.S.C. § 636.
[2] We will refer to the following defendants as "the DOC defendants" - Registered Nurse Supervisor James Ferdarko ("Ferdarko"), RNS Gary Prinkey ("Prinkey"), Chief Healthcare Administrator Kim Smith ("Smith"), Certified Register Nurse Practitioner (CRNP) Sandy Rogers, CRNP Brenda Hartzell, Unit Manager Best, and Director of the Activities Department C. Hays. And we will refer to the following defendants as "the medical defendants" - Dr. Robert Maxa, CRNP Andrew Leslie, CRNP Max Sutherland, Lisa Lamoreaux, Correct Care Solutions, LLC, and Wellpath, LLC.

permitted extra food to maintain muscle mass, as well as a double mattress to relieve pressure on his back. DC ECF 1 at ¶ 23-30; see also DC ECF 58.

Trainor's complaint alleged, inter alia, that he suffered a series of injuries and a worsening of his overall condition because of an extended series of poor treatment decisions by defendants after his transfer to SCI-Forest in 2017. See generally DC ECF 1 at ¶ 31-88. In particular, Trainor alleged that defendants ignored the orders of his outside doctors by allowing scheduling conflicts to force him to choose between receiving his medication and doing his physical therapy exercises, ending his Neurontin prescription because of a since-overturned misconduct report, refusing to grant him extra food (resulting in weight and muscle loss), denying him access to a proper physical therapy room, and refusing to let him use mobility and comfort aids prescribed by outside doctors. Id.; see also id. at ¶ 104-116. He further alleged that this deficient treatment has resulted in a worsening of his symptoms, difficulty walking, seven falls, and two broken toes. Id. at ¶ 89-103. Finally, he alleged that the defendants' actions exacerbated the pain and trauma of his condition, resulting in the infliction of emotional distress. Id. at ¶ 115-119.

## II.

Upon consideration of motions to dismiss, and after giving Trainor a chance to amend his complaint, the District Court allowed the Eighth Amendment claims against Hays, Hartzell, and Rodgers, as well as all the claims against the Medical Defendants, to proceed. DC ECF 34 at 26-27.

3

Following discovery, the Medical Defendants and the remaining DOC Defendants moved for summary judgment. DC ECF 56, 68. The Medical Defendants attached Trainor's substantial prison medical history of almost 1,000 pages, which detailed the medical care Trainor received while incarcerated. See generally DC ECF 57-1. In opposition to the defendants' motion, Trainor argued that material disputes of fact remained in the record. He attached an unsworn declaration made under penalty of perjury detailing, among other things, the DOC and medical staff's treatment of his broken left toe from August 2019. DC ECF 73-12. Trainor also voluntarily withdrew his emotional distress claims against all defendants. DC ECF 76 at 4.

The District Court granted the motions for summary judgment. DC ECF 77. The Court agreed that all claims against Hays were barred by the statute of limitations and appeared to have been administratively unexhausted. DC ECF 77 at 20-26, citing DC ECF 69 at 4. Regarding Trainor's Eighth Amendment claims, the Court concluded that he had not shown that the defendants were deliberately indifferent to his serious medical needs. DC ECF 77 at 33-44. It noted Trainor's extensive treatment history, which included at least 60 physical therapy appointments and medical visits between Trainor's transfer to SCI-Forest in 2017 and the start of this action. DC ECF 77 at 35-37. Finally, the Court rejected Trainor's medical malpractice claims under Pennsylvania state law because of deficiencies in his Certificate of Merit ("COM"). DC ECF 77 at 45-47, citing Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011). This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of summary judgment. Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 345 (3d Cir. 2022). Summary judgment is appropriate if the moving party shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To withstand a motion for summary judgment, "a plaintiff … must point to concrete evidence in the record that supports each and every essential element of his case." Orsatti v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

IV.

With one exception, we agree with the District Court's reasoning in full and need not repeat it here. Our only reservation concerns its analysis of Trainor's claims stemming from his broken left toe. Trainor alleged that the defendants were deliberately indifferent to his serious medical needs by failing to examine and treat his toe for over a month. DC ECF 1; see also DC ECF 73 at 13-17.[3]

The District Court found no constitutional violation because the "records [] show that the medical providers determined his injuries did not warrant additional treatment," and because Trainor was already receiving pain medication for his other ailments. DC

---

[3] To prevail, Trainor had to show that (1) that his medical needs were serious, and (2) that prison officials were deliberately indifferent to those needs. Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017).

ECF 77 at 41-42. But there is no evidence in the record that medical providers ever made such a determination.

Nevertheless, we will affirm. It has not been disputed that Trainor was already prescribed pain medication, albeit for other reasons, during the delay in treatment. DC ECF 77 at 42-43. Prison-ordered x-rays also confirmed that his toe healed normally, and Trainor has not pointed to any evidence in the record that would indicate that he would have been treated differently had the defendants attended to his toe more promptly.

For these reasons, we will affirm the District Court's judgment.