**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2767
_____

JOHN DALE PREACHER,
Appellant

v.

CORRECT CARE SERVICES/SOLUTIONS; BRIAN HYDE; DR. KAUFNAN;
DR. KROSS; NURSE JOEY SPICHER; C.O. PALAUZZO; DAN CARO; ERIC TICE;
JOHN WETZEL; ROBERT GILMORE; MICHAEL ZAKEN; WALLACE LEGGETT;
DEPUTY WADSWORTH; MELISSA R. HAINSWORTH; LIEUTENANT TURNER;
C.O. DOWD; HEARING EXAMINER WIGGINS; ALLEN JOSEPH; MAJOR BUZAS;
SGT. GAGNON; ANTHONY GUMBAREVIC; C.O. W.J. SANDERS; LIUTENANT
ABBOT; C.O. WIDMER; C.O. KUZMA; C.O. PHILLIPS; C.O. MCCONNELL;
CAPTAIN BROTHERS; DR. SANTOS; LIEUTENANT HOWELLS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:19-cv-01207)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2024
Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: June 10, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Dale Preacher is a Pennsylvania inmate. He filed a pro se civil rights action in the District Court against Correct Care Services (CCS)—a prison healthcare contractor—and several employees of either SCI-Greene or SCI-Somerset.[1] Preacher's operative pleading spanned hundreds of pages and alleged, among other things, that he had been assaulted by corrections officers and denied proper medical care.

Some defendants were successful with dispositive motions. Most defendants reached a settlement with Preacher. After all claims were resolved, Preacher appealed.[2]

Preacher raises four issues. The first challenges on procedural grounds the District Court's March 8, 2021 order, which adopted a report of the Magistrate Judge and granted CCS's and Physician Assistant Kaufman's joint motion to dismiss Preacher's amended complaint under Fed. R. Civ. P. 12(b)(6). According to Preacher, that order is defective because the parties did not consent to the Magistrate Judge's involvement. But no consent was needed. The Magistrate Judge exercised authority under 28 U.S.C. § 636(b)(1)(B) to issue a report recommending a disposition for the Rule 12(b)(6) motion; he did not dispose of the motion pursuant to authority under 28 U.S.C. § 636(c)(1), which would have required the parties' consent. Preacher's first issue thus has no merit.

---

[1] Preacher is currently incarcerated at SCI-Mahanoy.

[2] We have jurisdiction under 28 U.S.C. § 1291.

With Preacher's remaining three issues, he raises various arguments challenging the substantive grounds supporting the District Court's March 8, 2021 order. In the main, these arguments lack merit, for substantially the reasons given in the Magistrate Judge's January 29, 2021 report. In particular, we agree with the Magistrate Judge's assessment that Preacher failed to plausibly plead: that Kaufman was deliberately indifferent to Preacher's hand injury; that liability could attach to CCS under 42 U.S.C. § 1983 and Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); and multiple elements of his First Amendment retaliation claim.

One of Preacher's issues, though, attacks rulings by the District Court with which we cannot agree. The District Court dismissed the state law claims against Kaufman and CCS for medical negligence and emotional distress, based on a determination that Preacher failed to timely file a certificate of merit (COM) under Pennsylvania Rule of Civil Procedure 1042.3(a).[3] Preacher argues that dismissal was improper, insofar as he timely supplied the District Court with an affidavit relying on Rule 1042.3(a)(3) and asserting that a COM from a medical expert was "unnecessary because the claims are ones that are and can be supported by the common knowledge of the average lay-person." DC ECF No. 96-1 at 5.

---

[3] Rule 1042.3 requires that professional malpractice claims travel with a COM attesting either that "(1) an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the professional services provided fell outside acceptable professional standards, or (2) expert testimony of an appropriate licensed professional is unnecessary." Wilson v. United States, 79 F.4th 312, 314 (3d Cir. 2023).

3

Preacher's point is well-taken, as it is grounded in <u>Liggon-Redding v. Estate of</u> <u>Sugarman</u>, 659 F.3d 258, 265 (3d Cir. 2011) ("[Rule 1042.3(a)(3)] expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove her claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent 'exceptional circumstances.' A filing under this rule allows the case to proceed to discovery, leaving the consequence . . . to be dealt with at a later stage of the litigation, such as summary judgment or trial.") (internal citation omitted).[4] Accordingly, we will vacate the District Court's judgment in part and remand for further proceedings on the state law claims against Kaufman and CCS, while at the same time expressing no opinion as to whether the District Court should exercise supplemental jurisdiction. The District Court's judgment will otherwise be affirmed.

---

[4] The Magistrate Judge determined that the deviations from the standard care, as alleged by Preacher, were not "so simple or obvious that a finder of fact would be permitted to find negligence . . . without the aid of a medical expert." DC ECF No. 206 at 19. But the Magistrate Judge was considering a Rule 12(b)(6) motion, and <u>Liggon-Redding</u> noted that a "preliminary determination that expert testimony will be required in a particular case," while seemingly an "attractive option" for weeding out meritless malpractice claims, is not authorized by Rule 1042.3 or "Pennsylvania jurisprudence." 659 F.3d at 265 n.5. At the same time, <u>Liggon-Redding</u> made clear that a Rule 1042.3(a)(3) COM could doom a malpractice claim *at summary judgment*. <u>See</u> <u>id.</u> at 265; <u>see also</u> <u>Schmigel</u> <u>v. Uchal</u>, 800 F.3d 113, 122 (3d Cir. 2015).