**ALD-150**                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 24-1396
_____

KARL B. MANUEL,
                        Appellant

v.

SUPERINTENDENT MARK CAPOZZA; C/O JOHN DOE #1;
C/O JOHN DOE #2; C/O SERGEANT WILES; C/O. LT. DAILEY;
M.P.A. MRS. DARLA COWDEN; ASST SUPERINTENDENT ERIC ARMEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01759)
District Judge: Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 11, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 31, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Manuel appeals pro se from the orders of the District Court dismissing his claims against defendants Capozza and Armel and granting summary judgment to the other defendants on the remainder of his claims. Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Manuel's first complaint, signed under penalty of perjury, alleged that two unknown corrections officers ("COs") identified only as John Does #1 and #2, violently assaulted him after he fell while they were escorting him to retrieve his property. The complaint goes on to allege that Lieutenant Dailey then ordered the unknown COs to wheel the injured Manuel to another room, where he was examined by an unqualified nurse, after which Manuel was placed in an unventilated cell saturated with oleoresin capsicum ("OC") spray, which resulted in an asthma attack. In response to Manuel's requests for help the following morning, Sergeant Wiles allegedly told him that "nobody cares for you here," and "when you die nobody will care. You will be dead before your days back here are over." Compl., ECF No. 36 at 4. Despite Wiles' alleged comments, Manuel was then seen by Darla Cowden, a physician's assistant who allegedly rendered medically negligent treatment, and violated the Eighth Amendment by being deliberately indifferent to the serious medical needs created by his beating and exposure to OC spray.

Manuel's amended complaint, which was not signed under penalty of perjury, added several allegations to his first complaint.[1] First, the amended complaint alleged that supervisory defendants Mark Capozza and Eric Armel were liable under the Eighth Amendment, because they were in command of the prison at the time he was assaulted. Second, the amended complaint stated that Dailey was present for the assault by the unnamed COs, but did not intervene.

Defendants Wiles, Capozza, and Armel moved to dismiss all claims against them for failure to state a claim on which relief could be granted. The District Court granted this motion in relation to supervisory defendants Capozza and Armel.

After the conclusion of discovery, the remaining defendants who had been identified moved for summary judgment. After considering Manuel's response, a Magistrate Judge recommended summary judgment be granted on all remaining claims. The Court ultimately adopted the Magistrate Judge's report and recommendation as its opinion, and entered judgment in favor of the remaining defendants.[2] This appeal followed.

---

[1] Ordinarily, a litigant's amended complaint would supersede his initial filing, and the Court would only consider those claims presented in the amended complaint. See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013). However, the District Court, construing Manuel's filings generously, opted to consider both complaints in tandem, and we will do the same.

[2] The District Court had also previously asked Manuel to show cause as to why the John Doe defendants should not be dismissed for failure to effect service. Manuel filed a response to the order, but did not respond substantively as to why the John Doe defendants had not been identified and served. In response, the Magistrate issued a report and recommendation which recommended dismissing the John Doe defendants; this recommendation was also adopted by the District Court.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders of dismissal for failure to state a claim and grant of summary judgment. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020); see also S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 8(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015) (citation omitted).

## III.

We will affirm the District Court's orders on their own reasoning. First, the District Court properly granted Capozza and Armel's motion to dismiss for failure to state a claim because Manuel's pleadings did not allege their direct involvement in any of his injuries, and vicarious liability is inapplicable to an action under § 1983. Baraka v.

4

McGreevey, 481 F.3d 187, 210 (3d Cir. 2007); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The District Court also properly provided notice and then dismissed the two John Doe defendants sua sponte for failure to effect service within the time period prescribed by Fed. R. Civ. P. 4(m). Manuel's response to the order to show cause offered no reason as to why service had not yet been effected. As a result, the sua sponte dismissal was proper. See generally Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 2005).

Manuel's grievance history also indicates that the Court properly granted summary judgment on those claims relating to his exposure to OC spray and subsequent asthma attack, because the record shows that Manuel had not exhausted them via prison grievance procedures. Under the Prison Litigation Reform Act, a prisoner may not bring a suit for prison conditions or conduct "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust a claim, a prisoner must present his specific claim as required by the prison's grievance procedure; failure to do so will result in procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004). Manuel's grievances alleging his exposure were not properly exhausted via the prison's grievance process. Id.; Manuel has not provided any explanation that might justify this lack of exhaustion. As a result, the District Court properly granted summary judgment to Dailey and Wiles on Manuel's claims concerning exposure to OC spray. Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

5

Next, the Court properly granted Dailey summary judgment on Manuel's claim that he failed to intervene because the only evidence that Dailey was present during the purported assault is contained in Manuel's unverified complaint, which is insufficient to create a question of fact at summary judgment.[3] United States ex rel. Doe v. Heart Sol., PC, 923 F.3d 308, 315 (3d Cir. 2019); see also Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."). As a result, a reasonable juror could not conclude that Dailey was personally involved in the alleged constitutional violation, and summary judgment was properly entered. Baraka, 481 F.3d at 210.

All of Manuel's claims alleging deliberate indifference to a serious medical need were also properly rejected. To make out such a claim, a party must show that the defendants' deliberate indifference to an objectively serious medical need resulted in the plaintiff's complained-of injury. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); see also Spruill, 372 F.3d at 235. So long as a prisoner has received some treatment, an allegation that amounts to a "mere disagreement as to the proper medical treatment" is generally insufficient to state a claim. Monmouth Cnty Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Similarly, if a prisoner is under the care of medical experts, "a non-medical prison

---

[3] Notably, Dailey's presence was never alleged in any of the grievances filed by Manuel prior to this action; those grievances initially alleged that Manuel's injuries occurred because of a slip and fall, and never alleged an assault by any prison employee.

6

official will generally be justified in believing" that the prisoner is receiving adequate treatment. Spruill, 372 F.3d at 236.

As a result, even if Manuel suffered a serious medical need, all of the yet-surviving Eighth Amendment claims were properly rejected on summary judgment because Manuel presented no evidence that the parties involved manifested deliberate indifference. As to Dailey, the undisputed evidence plainly indicates that Dailey, who has no medical training, promptly secured medical treatment for Manuel. Id.

The claims against Cowden similarly fail because the undisputed evidence shows that Manuel received prompt and substantial medical care for his injuries after the incident, and continuing for at least four months. Manuel has not presented any evidence which might suggest that such care was insufficient. As a result, the record did not support a deliberate indifference claim against Cowden, and the Court properly granted summary judgment.[4] Monmouth Cnty Corr. Institutional Inmates, 834 F.2d at 346.

Lastly, the defendants were properly granted summary judgment on Manuel's medical negligence claims arising under state law because Manuel has failed to comply with Pennsylvania's requirement that a plaintiff file a certificate of merit in cases alleging professional negligence. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011) (explaining that Pennsylvania's certificate of merit requirement applies to

---

[4] To the extent that Manuel intended to assert a standalone claim based on Wiles' allegedly cruel words, the claim fails. Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (explaining that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment").

7

state law claims brought in federal court). Manuel never filed a certificate of merit, which was, under Liggon-Redding, fatal to his state law claim.

Because we have concluded that the appeal does not present a substantial question of law, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. His motion for appointment of counsel is also denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).