**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1647
_____

SHAHEED WILLIAMS,
                                        Appellant

v.

JAMIE FERDARKO; WILLIAM M. SUTHERLAND; DR. MAXA;
KIMBERLY SMITH; GARY L. PRINKEY; LISA ZUPSIC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00313)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: April 9, 2020)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Shaheed Williams appeals the dismissal of his lawsuit for failure

to state a claim.  For the reasons that follow, we will affirm the District Court's judgment.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Williams, who is incarcerated at State Correctional Institution Forest, filed a civil rights complaint on November 16, 2017, claiming that various Department of Corrections employees ("DOC defendants") and medical contractors ("medical defendants") failed to provide him with adequate medical care in violation of the Eighth Amendment and state tort law. Williams alleged that in January 2015 he received surgery to remove a benign cyst from his chest that had been causing him pain. After the surgery, he continued to experience chest and back pain and other symptoms, which he believes to be the result of spinal compression from a mass that was mistakenly not removed during the surgery. He claimed that the medical defendants refused to order him an MRI and instead prescribed ineffective treatments that led to permanent damage to his spine. In addition to money damages, Williams sought a preliminary injunction enjoining the defendants to order him an MRI and a neurological exam.

The DOC defendants moved to dismiss Williams' complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that he had not alleged their personal involvement as required under 42 U.S.C. § 1983. Adopting the report and recommendation of a Magistrate Judge, the District Court granted the motion. The medical contractor defendants also moved to dismiss, arguing that Williams' claims were barred by the statute of limitations or, alternatively, that Williams had failed to state a claim. The District Court granted the motion. Adopting a Magistrate Judge's oral recommendation, the District Court also denied Williams' request for a preliminary

injunction for failing to demonstrate either a likelihood of success on the merits or irreparable harm. Williams timely appealed.

We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motions to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013) (explaining that, although held to less stringent standards, pro se litigants are still required to assert sufficient facts to support a claim). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). While we review a district court's ultimate denial of a preliminary injunction for abuse of discretion, we review factual findings for clear error and legal conclusions de novo. See Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court that Williams failed to state that the DOC defendants were personally responsible for violating his Eighth Amendment rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that a § 1983 action cannot be premised on a theory of respondeat superior). Williams' complaint

3

admitted that the DOC defendants had no responsibilities other than administrative oversight of inmates' medical care. Rather, he alleged that because the DOC defendants processed his numerous grievances, they knew about the alleged ongoing constitutional violation. However, merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege a deliberate indifference claim. See id. at 1208. And although "[a] high-ranking prison official can expose an inmate to danger by failing to correct serious known deficiencies in the provision of medical care to the inmate population," Barkes v. First Corr. Med., Inc., 766 F.3d 307, 324 (3d Cir. 2014), reversed on other grounds by Taylor v. Barkes, 575 U.S. 822 (2015), Williams failed to identify a supervisory policy, practice, or custom that caused him harm, see Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

Williams also failed to state an Eighth Amendment claim against the medical defendants. To state such a claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A plaintiff may show deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] access to medical care." Estelle, 429 U.S. at 104–05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound

4

in state tort law." United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted).

Although Williams did not receive the MRI he requested, by his own account he was not denied medical care. His complaint states that, between January 2015 and August 2017, he received medical attention at least thirty-five times, including having numerous x-rays and an EKG taken, being prescribed pain medications, and attending physical therapy. He alleged that the medical defendants violated his rights in refusing to order him an MRI before first attempting other treatments. However, "mere disagreement as to the proper medical treatment" is insufficient to demonstrate an adequacy of care claim." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d. Cir. 1987); see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence"). Accordingly, Williams failed to state an Eighth Amendment claim.

To the extent that Williams raises his state tort claims on appeal, the District Court was correct to dismiss them. The District Court dismissed Williams' medical negligence claim because he failed to file a certificate of merit as required under Pennsylvania Rule of Civil Procedure 1042.3 despite receiving notice about the requirement. The District Court correctly applied Rule 1042.3 as substantive state law. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264–65 (3d Cir. 2011) (determining that Rule 1042.3 is substantive under the choice of law doctrine from Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).

5

In addition, Williams did not state a claim for intentional infliction of emotional distress. Such a claim requires a showing of "intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005). The alleged conduct must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122 n.5 (Pa. Super. Ct. 2004) (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)). Williams made no such allegations about the medical defendants' conduct. While he may disagree with the treatment he was provided, this does not render the medical defendants' conduct outrageous or extreme.

For essentially the same reasons as above, we conclude that the District Court did not abuse its discretion or otherwise err in denying Williams' request for a preliminary injunction. To obtain this "extraordinary remedy," the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The District Court addressed the first and second elements, that Williams failed to establish a likelihood of success on the merits or irreparable harm, which is sufficient. See Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any

element . . . renders a preliminary injunction inappropriate.") (internal quotation marks and citations omitted).

Accordingly, we will affirm the judgment of the District Court.