**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1346
_____

KEITH C. TOLBERT,

Appellant

v.

MANDY SIPPLE; ANN LEWIS; PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; GEORGE LITTLE; OFFICER A. JONES; WELLPATH HEALTH
SERVICES; NICOLA S. WIENER, Representative for the estate of Stephen Wiener
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 22-cv-1228)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 12, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed September 30, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

Keith C. Tolbert appeals from the District Court's order granting summary judgment in favor of Defendants Mandy Sipple, Ann Lewis, Officer A. Jones, and Nicola S. Wiener, on behalf of the estate of Dr. Stephen Wiener. For the reasons that follow, we will summarily affirm.

I.

Tolbert filed suit against the Defendants pursuant to 42 U.S.C. § 1983 and under Pennsylvania state law. He brought this action due to the medical care (or lack thereof) he received while incarcerated after facial surgery. Tolbert fell in the prison infirmary several days after that surgery. Tolbert asserted he received inadequate medical care immediately following this fall. He further claimed that the inadequate care he received was retaliatory because he had previously refused Tylenol from Lewis earlier in the day. Finally, he asserted that he should have seen a neurologist after his facial surgery as recommended by his surgeon.

The District Court determined that all of Tolbert's claims against Sipple were unexhausted along with his claims against Wiener related to the fall. The District Court further determined that there were no material issues of fact remaining with respect to Tolbert's other federal claims. Finally, the District Court granted summary judgment in favor of Defendants on Tolbert's medical malpractice claims because he failed to come forward with expert testimony to support those claims. Tolbert timely appealed and has filed a motion for appointment of counsel.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion for summary judgment de novo. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

A. Exhaustion

First, Tolbert failed to exhaust available administrative remedies on one claim related to Sipple. To properly exhaust a claim under the Prison Litigation Reform Act (PLRA), an inmate is required to complete the administrative review process by complying with the procedural rules established by the prison. See Jones v. Bock, 549 U.S. 199, 218 (2007). Tolbert failed to properly name Sipple in his grievance related to his fall such that the claims against her on that issue were unexhausted. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).

However, we conclude that Tolbert did exhaust his claims against Wiener related to his fall and against Sipple related to the lack of a neurology referral. The response to Tolbert's fall grievance indicates Wiener's involvement in this incident including that he was notified of Tolbert's status, made no further orders and that Wiener advised the nurses he would assess Tolbert later that day. See id. Additionally, grievance # 842940

3

named Sipple and was related to the lack of a neurology consult. Nevertheless, for the reasons discussed infra, we conclude that the Defendants were entitled to summary judgment.[1]

B. Deliberate indifference related to fall

To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must show that: (1) "[a] defendant[] [was] deliberately indifferent to [his] medical needs" and (2) "those needs were [objectively] serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (internal quotation marks and citation omitted). An allegation that amounts to a "mere disagreement as to the proper medical treatment" is generally insufficient to sustain a deliberate indifference claim. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Additionally, if a prisoner is under the care of medical experts, "a non-medical prison official will generally be justified in believing" that the prisoner is receiving adequate treatment. See Spruill, 372 F.3d at 236.

The District Court properly granted summary judgment in favor of Jones. As noted by the District Court, Jones was a non-medical correctional officer. He observed that Tolbert was under the care of medical professionals after his fall. See id.

Next, taking the facts in Tolbert's favor, the record shows that, soon after Tolbert fell, Lewis contacted a doctor (Wiener), took his vitals, performed an assessment and

---

[1] We do agree with the District Court's conclusion that the record indicates Tolbert was not prevented from filing grievances in the aftermath of December 11, 2019 as the record indicates that he did file grievances during this period.

concluded that Tolbert was able to stand up on his own. When Tolbert nevertheless did not get up, Lewis returned several minutes later with a wheelchair. By Tolbert's account, the entire incident lasted 30 to 40 minutes. While Tolbert disagrees with the care provided, he failed to show that Defendants Lewis and Wiener were deliberately indifferent in the immediate aftermath of his fall. See generally Lanzaro, 834 F.2d at 346.

C. Deliberate indifference related to neurology referral

The District Court did not err in granting summary judgment on Tolbert's claim related to not getting to see a neurologist immediately after his surgeon's recommendation. After facial surgery at a follow-up visit, Tolbert's surgeon recommended he see a neurologist and an ophthalmologist due to persistent headaches and blurred vision. After the fall, Wiener examined Tolbert. He then recommended Tolbert see an ophthalmologist and made a note to consult with "Tele Neuro" if his headaches had not subsided in two-to-four weeks. Tolbert was transferred to a different prison and thus no longer under the care of Wiener by July 2020. In March 2022, Tolbert saw a neurologist.[2]

There is a critical difference "between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979). Although deliberate indifference can be demonstrated by a defendant's intentional delay or denial of

---

[2] The neurologist recommended medication to assist with Tolbert's symptoms that Tolbert refused to take for religious reasons.

5

access to medical care for non-medical reasons, Tolbert fails to show a material issue of fact that Wiener delayed referring Tolbert to a neurologist for non-medical reasons. See Estelle v. Gamble, 429 U.S. 97, 103-105 (1976); Pearson, 850 F.3d at 535. Indeed, the record indicates that Wiener recognized the potential need for a neurology consult if Tolbert's headaches did not dissipate after two-to-four weeks. Wiener's actions related to the delay for a neurology consult were at most negligent. However, negligence does not constitute deliberate indifference. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

D. Medical Malpractice

Next, the District Court determined that the Defendants were entitled to summary judgment on Tolbert's medical malpractice claims because Tolbert had certified that expert testimony would not be needed to prove his claims. Pennsylvania law permits a litigant to proceed on a medical malpractice claim on the basis of a certification that expert testimony will not be required to prove his claim; however, the consequence of that certification prohibits expert testimony later absent "exceptional circumstances." See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) (citing Pa. R. Civ. P. 1042.3(a)(3)). In Pennsylvania, except when the matter is so simple or the lack of care so obvious as to be within the wide range of experience of lay persons, a litigant like Tolbert must provide a medical expert who will testify to the elements of a medical malpractice claim, including the duty the medical professional owed to the patient, the

6

breach of that duty and causation. See Hightower-Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997).

The District Court rejected Tolbert's argument that an expert report was unnecessary under the doctrine of res ipsa loqitur. That doctrine permits a jury to infer that harm is caused by the negligence of a defendant where certain requirements are met. However, we agree with the District Court that Tolbert could not proceed under this theory with respect to his medical malpractice claims. The issues presented related to any potential inadequate medical care received by Tolbert in the 30-40 minutes after his fall and lack of an immediate neurology consult were not so simple to come within the realm of experience or common sense for a lay person. See, e.g., Toogood v. Owen J. Rogal D.D.S., P.C., 824 A.2d 1140, 1149-51 (Pa. 2003) (noting the significant limitations of using res ipsa loquitur in medical malpractice cases and further stating that "expert testimony is necessary to prevent a finding of liability for a simple mistake of judgment, failure of treatment, or an accidental occurrence"). The failure by Tolbert to present expert testimony led the District Court to properly grant summary judgment in favor of the Defendants on Tolbert's medical malpractice claims.

E. Retaliation

The District Court properly granted summary judgment in favor of Lewis and Jones on Tolbert's retaliation claim. Tolbert asserted that their lack of medical care in the immediate aftermath of his fall was in retaliation because Tolbert had earlier that day refused to take Tylenol as offered by Lewis. To state a First Amendment retaliation

7

claim, a litigant must allege that: (1) he engaged in constitutionally protected conduct, (2) he suffered an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alternation in original) (internal quotation marks omitted).

The District Court properly concluded that Tolbert's disagreement with Jones's and Lewis's treatment of him after his fall as an exercise of medical judgment did not convert his treatment into an adverse action for purposes of his retaliation claim against them. To reiterate, Lewis contacted a doctor, took Tolbert's vital signs and then returned to the infirmary with a wheelchair several minutes thereafter to help Tolbert get off the ground. Tolbert's disagreement with the care supplied by Jones and Lewis did not constitute an adverse action under these circumstances, but, rather, simply constituted Tolbert's disagreement with the medical care provided to him.[3]

F. Motion to appoint counsel

Finally, Tolbert's motion for the appointment of counsel is denied given the District Court properly granted summary judgment in favor of the Defendants. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[3] We also agree that Jones' unfulfilled threat to write up Tolbert for a misconduct if he did not take his Tylenol was insufficient to sustain a retaliation claim. Cf. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011).

IV.

For the reasons stated above, we summarily affirm the District Court's grant of summary judgment in favor of the Defendants and deny Tolbert's motion for the appointment of counsel.